**Thomas Edward McLAREN, Petitioner,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 66–C–46.**

United States District Court
W. D. Virginia,
Danville Division.

Dec. 15, 1966.

No appearance for petitioner.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the Court upon a petition for a writ of habeas corpus by Thomas Edward McLaren, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241; said petition being filed *in forma pauperis*.

On June 11, 1965, petitioner was sentenced to thirty years on five indictments for forgery and uttering in the Danville Corporation Court, Danville, Virginia. As part of that thirty year sentence, petitioner is now serving three years for forgery. He is imprisoned in the Virginia State Penitentiary at Richmond. Subsequent to his conviction on June 11, 1965, petitioner appealed for a writ of error to the Virginia Supreme Court of Appeals, which petition was dismissed on June 15, 1966.

Thereafter, petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Virginia which petition was transferred to the United States District Court for the Western District of Virginia. On October 26, 1966, the petition was dismissed by the United States Dis-

trict Court for the Western District of Virginia for the reason that the record showed that the petitioner had failed to comply with 28 U.S.C. § 2254 in that he had failed to exhaust his state remedies. He had failed to file a petition for a writ of habeas corpus in the State courts.

Now petitioner returns to this Court alleging that he has exhausted his state remedies because of the refusal of the Danville Corporation Court to provide him with a free transcript of the trial.

From the record, this Court feels that it is apparent that petitioner has not yet exhausted his state remedies, the refusal of the Danville Court to provide a free transcript upon petitioner's initial request from the penitentiary not constituting sufficient reason to hold that the state habeas corpus route has been exhausted.

The petitioner requested the following from the Danville Corporation Court while a prisoner at the Virginia State Penitentiary in Richmond:

a certified copy of the complete transcript of the trial, including opening remarks, the testimony of all witnesses and the cross-examinations, the summations to the jury, and the judgment order.

To this request, T. F. Tucker, Clerk of the Danville Corporation Court, made the following reply:

The Attorney General of Virginia, in an opinion dated February 8, 1965, stated that Section 17–30.1 of the Code of Virginia provided that a transcript may be furnished an indigent prisoner for appellate review and that this section was not applicable to the initial request for a transcript if for the purpose of habeas corpus. Your request for the record of testimony, therefore, has been denied by this Court.

An examination of the full text of the Virginia Attorney General's opinion shows that he continued as follows:

[o]f course if after a petition is filed and if it should appear necessary I am of opinion that the Court may order the

preparation of the transcript pursuant to the provisions of Item 81(o) of Chapter 658 (The Appropriation Act, Acts of Assembly, 1964). In other words, Section 17–30.1 is applicable only to an appeal by the indigent prisoner.

This Court will not attempt to decide whether the Danville Corporation Court should or should not have ordered the requested matter to be sent to petitioner. The question whether petitioner actually needed the transcript in order to prepare his petition would seem to be a matter which should be left to the state court's determination. On this question of need of the transcript, we will note an opinion by Judge Sobeloff in United States v. Glass, 317 F.2d 200, 202 (4 Cir. 1963). In that case the prisoner requested the federal district court to provide a transcript of the original trial for the purpose of preparing a motion for relief under a statute concerning vacation of sentence. Although the Court of Appeals there held only that the motion for a transcript should be treated in this instance as a petition for habeas corpus which should be given further consideration by the District Court because petitioner had alleged constitutional violations in this request for a transcript, the Court went on to say

[w]ith respect to the request for a transcript we wish to make it clear that on the record now before us we are not persuaded that Glass is entitled to a transcript at government expense, for he has shown no need for one.

So it appears that a prisoner is not entitled to a transcript unless he can show that he needs it in the preparation of his habeas corpus petition.

More importantly, in the request made by the petitioner McLaren and the denial by the Danville Corporation Court, we are concerned with whether petitioner has done everything he can to exhaust his state remedies. In this regard we note two points. First, petitioner has never filed a petition for state habeas corpus. Second, the clear implication from the Danville Clerk's letter which

cites the Attorney General's opinion is that once a petition is filed and it appears necessary that the full record be supplied for the petitioner, it will be done. This Court does not think it is essential to petitioner's habeas corpus petition that he have a complete record of the trial available to him before he can file a petition with the Danville Corporation Court. We assume that once a petition is received by the Danville Court, it would appoint an attorney to handle the petition for the petitioner who is indigent. At this point we assume the state court would supply petitioner's defense attorney with all appropriate records requested by counsel who is acting as an officer of the court. Should the state corporation court not comply with the request, then such request can be made to the Virginia Supreme Court of Appeals.

Therefore, because the petitioner has not exhausted his state remedies and the procedure is available for him to do so, it is ordered and adjudged that the petition for habeas corpus will be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.