Louis BRAXTON, Plaintiff,

v.

C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. Nos. 68–C–26–L, 68–C–32–L, 68–C–34–L.

United States District Court
W. D. Virginia,
Lynchburg Division.

Sept. 10, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before this court on a petition for a writ of habeas corpus filed by Louis Braxton, a state prisoner, pursuant to 28 U.S.C. § 2241 and it is filed *in forma pauperis*. The petitioner filed two petitions for writs of habeas corpus, one on June 26, 1968, and another on July 31, 1968, in the United States District Court for the Eastern District of Virginia. Both petitions were ordered transferred to this court and since they present identical claims, they are consolidated for consideration. A petition for a writ of mandamus, filed by the petitioner on August 14, 1968, in this court and relating to his habeas corpus petitions, has also been ordered consolidated with the two habeas corpus petitions for consideration.

Petitioner is currently serving a term of ten years in the Virginia State Penitentiary pursuant to a judgment of the Corporation Court of the City of Lynchburg of October 9, 1967, wherein he was convicted for the crime of malicious wounding. The conviction resulted after a jury trial in which the petitioner was represented by court-appointed counsel. An appeal was taken to the Virginia Supreme Court of Appeals which resulted in the conviction being affirmed and the writ of error denied on April 24, 1968.

 Petitioner claims that he received ineffective assistance of counsel. It is obvious from the record that this claim has never been presented to the state courts. The direct appeal from petitioner's conviction dealt only with procedural and evidentiary assignments of error. Before a federal court will consider a state prisoner's petition for habeas corpus on the merits, it must appear that the petitioner has exhausted all available state remedies. Petitioner has never filed a petition for habeas corpus relief in the state courts; therefore we do not think the habeas corpus petitions, as consolidated, are properly before this court in compliance with the provisions of 28 U.S.C. § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963).

 The petition titled a "writ of mandamus" states that the Corporation Court of the City of Lynchburg refused to comply with a request for a transcript of the trial to be forwarded to petitioner. The petitioner does not state when or how the request was made and the record reveals no evidence of any request or of its denial. We do not think this provides a basis on which this court can grant any relief. A prisoner is not entitled to a transcript unless he can show that he needs it in the preparation of his habeas corpus petition. We do not think it essential to petitioner's habeas corpus petition that he have a transcript of the trial available to him before he files a petition in the state courts. McLaren v. Peyton, 262 F.Supp. 120 (W.D.Va.1966). We assume, as in the *McLaren* case, supra, that once a petition for a writ of habeas corpus is filed in the state court an attorney would be appointed to handle the petition for the petitioner who is indigent, and that the state court would supply all appropriate records requested by the counsel who is acting as an officer of the court. Upon the failure of the lower state court to comply with such a request, then a request can be made to the Virginia Supreme Court of Appeals.

Because the petitioner has failed to exhaust his state remedies and because these remedies remain available to him, it is therefore adjudged and ordered that the petitions, as consolidated, are dismissed and the writs denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.