Irvin Thomas **HOGAN**, Petitioner,

v.

Archibald M. **AIKEN**, Judge, Corporation Court, Danville, Va., Respondent.

Civ. A. No. 71–C–82.

United States District Court,
W. D. Virginia,
Danville Division.

Feb. 15, 1972.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

█ Irvin Thomas Hogan brings to this court a petition for a writ of habeas corpus in order to terminate his alleged illegal confinement in the Virginia state penitentiary, claiming herein that the failure of the Corporation Court of the City of Danville to provide him with a transcript and other records of his conviction in that court constituted a denial of his constitutional rights. Alternatively he requests this court to require respondent to furnish him with these records. Thus he is also seeking in effect a writ of mandamus. However ill-conceived his characterization of this proceeding may be, the court will nevertheless consider the propriety of granting either measure of relief. It is not therefore fatal to the cause that to the extent petitioner seeks habeas corpus relief, the Judge of the Corporation Court is not a proper party respondent because he is not detaining petitioner.

Petitioner is currently detained pursuant to a judgment of the Corporation Court of the City of Danville imposed on November 12, 1969, wherein he was convicted of grand larceny and sentenced to a penitentiary term of five years, most of which was suspended. At trial petitioner, represented by court-appointed counsel, entered a plea of guilty, was tried by the court without a jury. The conviction and sentence were not appealed. Hogan was released on probation on April 21, 1970, but the Corporation Court subsequently revoked probation on

May 20, 1970, for violation of its conditions.

Hogan later filed a petition for a writ of habeas corpus in the Corporation Court, which denied and dismissed the petition on April 2, 1971. He also requested that he be furnished with copies of the State Court records both in Corporation Court and later by petition for a writ of mandamus filed in the Supreme Court of Virginia. Both requests were denied because of petitioner's failure to state for what purposes these records were to be used. Petitioner has likewise failed to state here for what reasons he requested the records from the State Courts or why this court should order their production.

■ Section 17–30.1 of the Code of Virginia provides that in "all felony cases where it appears * * * from the affidavit of the defendant and other evidence that the defendant intends to seek an appeal and is financially unable to pay such costs", upon defense counsel's motion the court shall order the evidence transcribed and the costs shall be borne by the Commonwealth. The provision is clearly limited to appeals; no provision is made for the transcription of evidence of the criminal trial for use in applying for habeas corpus. Hudgins v. Circuit Court of Chesapeake, Virginia, 294 F. Supp. 258 (E.D.Va.1968).

■■ In habeas corpus proceedings a prisoner is not entitled to a transcript or other record unless he can show that he needs it in preparation of his petition. This does not mean however that he can obtain such records, without cost, "merely for his examination in order to determine whether he wishes to engage in litigation." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963). Thus it is not essential to a prisoner's habeas corpus petition that he have a transcript available to him before he files his petition in the courts, McLaren v. Peyton, 262 F.Supp. 120 (W.D.Va.1966); Braxton v. Peyton, 291 F.Supp. 865 (W.D. Va.1968), but having so filed, the court may entertain his request to furnish him with the appropriate materials. If the petition, files and records conclusively demonstrate that the petitioner is not entitled to relief, the State Court may properly refuse to furnish petitioner with any part of the record. We assume that if upon mature consideration it is determined that petitioner may be entitled to relief, the State Court would appoint counsel to handle the petition for a prisoner who is indigent, and would comply with a request to supply all appropriate records and transcript to counsel and petitioner. McLaren v. Peyton, supra.

■ In his petition to the Corporation Court, Hogan alleged solely that counsel's failure to advise him of his right to appeal constituted ineffective representation by counsel. Noting that an appeal does not lie from a conviction entered upon a valid plea of guilty unless the alleged defects are jurisdictional, Peyton v. King, 210 Va. 194, 169 S. E.2d 569 (1969), the court dismissed the petition. Because the record demonstrated that Hogan was not entitled to relief, the court was under no duty to provide Hogan with a transcript or any other part of the record. As noted, in all subsequent requests, Hogan has demonstrated no need for the materials; nor can any such need be inferred since he has no matters pending in the State Courts. Moreover, since the petition filed herein does not attack his conviction, this court will not regard it as a request for state records in order to advance a claim for federal habeas corpus relief.

It follows from the foregoing discussion that if petitioner is not entitled to the transcript and other records, he is not being illegally detained for failure to produce them.

Accordingly, it is ordered that this petition, apparently requesting writs of both habeas corpus and mandamus, is dismissed and the relief denied.