Edgar W. DAWSON, Appellant,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.

No. 10313.

United States Court of Appeals Fourth Circuit.

Argued Feb. 10, 1966.

Decided April 8, 1966.

———◆———

R. Larry Lambert, Norfolk, Va. (Court-assigned counsel), (Preston & Preston, Norfolk, Va., on brief), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before SOBELOFF and BELL, Circuit Judges, and HUTCHESON, District Judge.

STERLING HUTCHESON, District Judge.

This is a petition for habeas corpus filed in forma pauperis in the District Court at Norfolk by Petitioner who is an inmate of the Virginia State Penitentiary. Petitioner complains of a conviction in the Circuit Court of Greene County, Virginia on September 18, 1961. He alleges that he was arrested and placed in jail without a warrant, that he was not apprehended at the scene of the crime; that he was held incommunicado, that he was not allowed to communicate with his relatives, that he was interrogated "to the extreme" and not allowed to call an attorney. He alleges further that two weeks later he was given a preliminary hearing and allowed counsel; that he did not again see this attorney until after his conviction. When he was brought to trial his attorney did not appear; he alleges that the court refused to continue the trial until his personally employed attorney was present and appointed an attorney to represent Petitioner within the same hour he was convicted. It was further alleged that court appointed counsel was not on friendly terms with Petitioner's father, which fact counsel made known to him; that Petitioner was abused and cursed by the last mentioned attorney who did not say one word in behalf of Petitioner. It is further contended that upon his arrest, Petitioner's automobile was seized and confiscated along with radio, gun and other properties belonging to him; that he was not compensated for those items and they were not returned to him. So much for the allegations set forth in the petition which was filed pro se and verified.

Petitioner has heretofore applied for a writ of habeas corpus in the Circuit Court of Greene County which was denied. Upon appeal, the Supreme Court of Appeals of Virginia reversed the Circuit Court, following which there was a hearing in that Court on March 21, 1963 when the writ was again denied. Thereupon, this application was filed on October 6, 1964 in the United States District Court at Norfolk, before which a hearing was held on July 1, 1965, when Petitioner was present with counsel appointed by the District Court. Transcript of the pro-

**150**

ceedings before the Circuit Court of Greene County and the United States District Court at Norfolk were filed as parts of the record.

These transcripts reveal facts strikingly at variance with the allegations contained in the petition. The witnesses at both hearings consisted of Petitioner, his parents and David F. Berry, Esquire, of Madison, Virginia, counsel appointed by the Circuit Court of Greene County to represent Petitioner, who also maintains an office for the practice of law at Standardsville, the county seat of Greene County.

From that testimony, the following pertinent facts emerge. Petitioner and three other individuals were charged with breaking and entering two business establishments in Greene County, Virginia on the 18th and 26th of June, 1961 respectively and of the larceny of certain personal property. They were confined in the Albemarle County jail at Charlottesville until the morning of the trial. These offenses were a part of a series of such activities on the part of Petitioner and his associates, including acts in Albemarle County. An attorney in Charlottesville had been retained to represent Petitioner in connection with charges pending in Albemarle County.

On the morning of the trial, the Honorable C. Champion Bowles, Judge of the 9th Judicial Circuit who resides in Goochland, was sitting in Greene by designation in the absence of Honorable Lyttleton Waddell of Charlottesville, Judge of the Circuit Court of Albemarle, Madison and Greene Counties. Judge Bowles appointed Mr. Berry to represent all the defendants. After making inquiry, Mr. Berry realized there would be a conflict of interest. He reported this to the Court who thereupon appointed other counsel for the other defendants. Mr. Berry discussed the case with the Petitioner in the conference room of the court. He talked with the Sheriff of Greene County and with Petitioner's parents. He interviewed the other defendants and after that interview talked with Petitioner and the other defendants as a group.

Briefly stated, the story revealed was that at the time of the breaking and entering, the defendants were together travelling in Petitioner's automobile. They decided as a group to break into these premises and they divided the stolen goods, some of which were later seized in possession of Petitioner and others in his automobile. Petitioner informed Mr. Berry that his participation was caused by threats made against him by one of the co-defendants and as a result he was coerced into committing the acts. He would not make this charge in the presence of the other defendants but contended that he had trouble with his car and while he was making repairs the other defendants committed the offense.

One of Petitioner's parents had told Mr. Berry that Petitioner stated that he was held at gun point in connection with the breaking and entering but Petitioner denied this in talking with Mr. Berry and contended in a general way that he had been threatened over a period of time. Mr. Berry called to Petitioner's attention that he had made untrue statements to either him or to his parents and he recommended that petitioner file a plea of guilty and request leniency. Petitioner insisted upon entering a plea of not guilty. Such plea was entered and the case was heard before Judge Bowles without a jury. It is contended that certain witnesses should have been called but by the evidence it is shown that Petitioner's purpose in suggesting they be called was to prove his reputation. Mr. Berry was aware of the fact that Petitioner had been convicted of grand larceny in 1948 and for breaking and entering in 1956 and again in 1956 for simple assault against his mother-in-law and his wife. In view of this he realized that the introduction of character evidence would be highly damaging and he wisely decided to submit the case to Judge Bowles who presumably was unaware of these facts. It was also his wise decision to try the case on that day since nothing could be gained by a continuance.

The other defendants pleaded guilty and all defendants testified. In his summation, Judge Bowles expressed the opinion that Petitioner was the ring-leader and imposed upon him a heavier sentence than upon the co-defendants.

One final word with reference to the criticism of court appointed counsel. It is revealed by the record that Mr. Berry had represented Petitioner in a previous similar case in Madison County and that he had had some contacts with his parents principally, Petitioner's father. The elder Dawson testified somewhat vaguely concerning an alleged argument with Mr. Berry in regard to the release in 1960 of a deed of trust in which Mr. Berry was trustee. Mr. Berry recalled that in October, 1960 he was called upon to obtain releases of some 12 or 15 obligations of Mr. Dawson, there was some delay caused by difficulty in obtaining necessary papers and he recalled some conversation with Mr. Dawson but there was no disagreement about it of any kind. Mr. Berry had been a practicing attorney of Madison and Greene Counties, both of which have small populations, engaged in general practice over a period of about 11 years. Naturally he was familiar with the background, including the prior convictions of Petitioner along with those of the co-defendants. It is clear that he used sound judgment in his conduct of the case. He examined the witnesses and he sought leniency for his client.

The facts of this case have been exhaustively explored by both the Circuit Court of Greene County and the United States District Court. No material variance occurs in the proof offered, although, as pointed out, there is a striking variance between the allegations of the petition and the facts developed at these hearings.

It is clear that the judges of both these courts have reached the correct conclusion.

The judgment of the District Court is affirmed.

Affirmed.