ernment of the Virgin Islands v. Du Boyce, 4 V.I. 107, 267 F.2d 512 (C.A.3, 1959).

The judgment of the district court will be affirmed.

**James E. FIELDS, Appellant,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.**

**No. 10776.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 9, 1967.

Decided March 7, 1967.

John J. Kirby, Jr., Charlottesville, Va. (Court-assigned counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before SOBELOFF, BRYAN and J. SPENCER BELL, Circuit Judges.

SOBELOFF, Circuit Judge:

The question for decision is whether in the circumstances of this case the appellant may successfully assert that he was not afforded effective assistance of counsel. The feature of the case to which our attention has been primarily directed is that the total lapse of time between appointment of counsel and the passing of sentence upon the defendant was no more than fifteen to thirty minutes.

An allegation that the appellant, James E. Fields, had been denied effective assistance of counsel in his criminal trial was first made in his petition for a writ of habeas corpus in the Circuit Court of Bedford County, Virginia. That court, after a plenary hearing, agreed that the facts showed that the defendant had been afforded less than the minimum required for effective assistance of counsel, and ordered the state to retry or release him. On the Attorney General's appeal, the Su-

preme Court of Appeals of Virginia did not disturb the findings of fact, but reversed the lower court's judgment and remanded petitioner to custody. Peyton v. Fields, 207 Va. 40, 147 S.E.2d 762 (1966). He then petitioned the federal District Court for a writ of habeas corpus, which was denied without a hearing. From this action he prosecutes the present appeal.

According to the record made in the state habeas court, the offense for which the appellant was prosecuted and sentenced arose in the following manner. On June 25, 1959, while serving a sentence in a State Convict Road Force Camp in Bedford County, he escaped from custody and was apprehended approximately one hour later. He was then taken to the county jail, where he remained until July 7, the day of his trial. While in confinement, no one talked with him about the charges against him. He was indicted for the escape and for statutory burglary allegedly committed during the hour he was at large. The burglary charge appears to have been based on his entering a "cabin" to hide therein.

When the accused was brought into court for trial, the Judge, learning that he was not represented by counsel, appointed an attorney to defend him. After a short consultation with this attorney in the rear of the courtroom, Fields tendered a general plea of guilty, and was sentenced to a term of three years on each charge, the sentences to run consecutively.

At the habeas corpus proceeding in the Circuit Court of Bedford County, Fields testified that the appointed attorney failed to question him concerning the facts of the alleged offenses. Nor did the attorney ask Fields if he was guilty before advising a guilty plea on both charges upon the representation that the Commonwealth would probably recommend a three year sentence.

This testimony of the petitioner was not directly contradicted, counsel having no specific recollection of his actions in the case, although he testified that it was his customary practice to question his

clients. He assumed that he had made some notes concerning the case, but suggested that if he had, they were lost. It was his "recollection" that Fields was unable to provide a defense, although he forthrightly admitted that he did not recall going over the facts in detail with the defendant. The lawyer testified that he believed the statutory burglary charge involved breaking and entering the "cabin." This is the only point in the record where a specific fact regarding the alleged burglary is mentioned.

The state habeas court made the following specific findings:

> [T]he total amount of time which elapsed from appointment of counsel to the actual sentencing of the Petitioner amounted to fifteen or thirty minutes and * * * the sole person talked to by Court appointed counsel for the Petitioner was the Commonwealth's Attorney who prosecuted the case and * * * the only conference held between Petitioner and his court appointed counsel occurred on the day of trial just prior to the trial in the Court room while Court was in session.

(Quoted in Peyton v. Fields, 207 Va. at 43, 147 S.E.2d at 765.) The Bedford County Judge granted the petition for habeas corpus because, in his view, the case came within the doctrine laid down in Whitley v. Cunningham, 205 Va. 251, 135 S.E.2d 823 (1964). That case held that where defense counsel was appointed the morning of the trial and spent an hour or less in preparation, the defendant was denied the effective assistance of counsel.

The Supreme Court of Appeals, however, viewed the facts in Whitley as being "vastly different" from those in the present case. It noted that in Whitley, the defendant had given several confessions, and defense counsel had to prepare for a trial involving ten or twelve indictments for robbery and grand larceny. The Whitley court concluded that it was impossible for any attorney to read and understand the numerous indictments and confessions in the short span of time allotted to him. In Fields' case, the court held Whitley not controlling, emphasizing that Fields had failed to adduce evidence that he was prejudiced by any act or omission of counsel. On this basis, the Supreme Court of Appeals of Virginia reversed the lower court and set aside the writ of habeas corpus.

When Fields presented his petition to the federal District Court, it accepted the facts as found by the state habeas court but, assuming that the Supreme Court of Appeals had applied principles "consistent with those stated in Dawson v. Peyton," 359 F.2d 149 (4th Cir. 1966), dismissed the petition.

■ Appellant contends that the federal law as declared by this circuit is in direct conflict with the test applied by the Virginia Supreme Court of Appeals. He maintains that the Virginia court has placed the burden upon the *defendant* to prove that he suffered prejudice from the late appointment of counsel, whereas the federal rule is that when inadequate time for preparation has been shown, the burden shifts to the state to negate prejudice. Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) has declared that although a district judge may accept a state court's findings of fact where the state court has reliably found them after a full and fair hearing, he must independently apply the appropriate federal law. Appellant accordingly argues that under the command of *Townsend* his petition should have been granted. We agree with appellant's analysis.

■ The District Court would appear to have misinterpreted Dawson v. Peyton, supra, if it read that decision as expounding a principle identical with that articulated by the Supreme Court of Appeals in Fields' case. *Dawson* stands for no more than the proposition that where the record contains adequate *affirmative* proof that the defendant was not prejudiced despite the lack of time for preparation, we will not find a denial of effective representation. It does not put the burden of proof as to prejudice on the defendant, once inadequate representation has been established.

In *Dawson,* the records in both the state and the federal courts revealed facts "strikingly at variance with the allegations contained in the petition." 359 F.2d at 150. It was shown that although counsel was appointed on the morning of the trial, he already was familiar with the defendant's background, and following his appointment, diligently made further inquiry into the relevant circumstances. Dawson's attorney had earlier been asked by the court to represent the co-defendants as well, but on discovering the possibility of a conflict of interest, requested the court to appoint other counsel to represent them. Dawson's counsel then discussed the case with him in a conference room of the court, and not, as happened in the present case, in the courtroom itself while court was in session. There was undisputed testimony that the attorney spoke not only with the client, but with his parents, as well as with the sheriff of the county. He also interviewed the co-defendants individually, and later talked to them and the defendant together. The attorney then confronted defendant with apparent divergences between his version and that obtained from other sources. Only after taking these careful measures, did the attorney give Dawson his considered advice. In sum, the record completely refuted any notion of perfunctoriness or inadequacy in the lawyer's services to the defendant.

This is in sharp contrast to the facts in the present case, where there is no affirmative evidence whatever to overcome the presumption of prejudice from the shortness of time allowed for preparation. We have elsewhere said that

> when the initial consultation between a court-appointed attorney and his client occurs only a short time before the trial, "normally, *in the absence of clear proof that no prejudice resulted,* we should be obliged to treat the lawyer's representation as inadequate and the trial as falling short of the standards of due process guaranteed by the Fourteenth Amendment." Turner v. State of Maryland [318 F.2d 852, 854 (4th Cir. 1963).]

Martin v. Com. of Virginia, 365 F.2d 549, 552 (4th Cir. 1966).[1] (Emphasis supplied.)

Not only have the courts of this circuit and of the Commonwealth of Virginia repeatedly condemned the practice of appointing counsel too shortly before trial, see e. g., Martin v. Com. of Virginia, supra; Turner v. State of Maryland, supra; Edgerton v. State of North Carolina, 315 F.2d 676 (4th Cir. 1963); Jones v. Cunningham, 313 F.2d 347 (4th Cir. 1963); Whitley v. Cunningham, supra (citing our Jones v. Cunningham), but the Attorney General of Virginia has candidly recognized that it is undesirable and has recommended that the courts of Virginia abandon what remains of the

---

1. In *Martin,* we quoted with favor a passage from the District Court's opinion analyzing the case law dealing with the effectiveness of the representation provided by court-appointed counsel:

The appellate courts have insisted that ample time be allowed counsel for preparation. * * * [A] *showing of actual prejudice is not the basis on which these cases rest.* The lack of opportunity for investigation, reflection, conference, and mature consideration which results from trials of felonies immediately after appointment of counsel provides the basis for granting the writ. * * * The burden isn't on the petitioner to show that he would profit by a trial in which counsel had more time for preparation. Lack of due process is *implicit* when a felon is tried

immediately after the appointment of counsel. * * * To hold otherwise simply invites courts to continue the procedure that leads to *pro forma* representation.

365 F.2d at 551. (Emphasis supplied.)

Indeed, in the very case before us, the same District Judge correctly articulated the proper constitutional standard to be applied:

[P]etitioners were not required to show precisely how they had been prejudiced by the brief time allotted counsel for the preparation of their cases. To insist that a petitioner show prejudice often requires him to establish by his own efforts those things for which the law recognized he needed the assistance of counsel in the first place.

practice. Martin v. Com. of Virginia, 365 F.2d at 554.

Doubtless in the past there have been numerous instances of the designation of counsel on the day of the trial and even in the last hour before trial. The procedure, however, is no longer considered satisfactory for it invites lax performance of professional duty and endangers defendants' constitutional right to the effective assistance of counsel. Analogously, before the Supreme Court's decision in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), when the Betts v. Brady rule still held sway, many indigent defendants were not only put on trial without being told that they were entitled to have appointed counsel if they so desired, but not infrequently they were denied the benefit of counsel even when they specifically requested it. As the concept of the Sixth Amendment right has broadened to encompass the provision of counsel for indigents, so too the *standards* to which appointing courts and appointed counsel must adhere have become more exacting. Courts are required to allow counsel sufficient time to inform themselves fully, to reflect maturely and to prepare thoroughly in the cases to which they are assigned, and courts can no longer tolerate perfunctory performance by appointed lawyers of the duty owed to indigent defendants.

In the recent decision of Twiford v. Peyton, 372 F.2d 670 (4th Cir. 1967), Judge Winter, speaking for this court, clearly pointed out that the practice of appointing counsel in a felony case so close to trial that the lawyer is not "afforded a reasonable opportunity to investigate and prepare a case" is

> inherently prejudicial, and a mere showing * * * [of the late time of appointment] constitutes a *prima facie* case of denial of effective assistance of counsel, *so that the burden of proving lack of prejudice is shifted to the state.*

372 F.2d at 670. (Emphasis supplied.) As was observed in that opinion, we have on occasion found that effective representation was not denied where the record contained adequate *affirmative* evidence to overcome the presumption of harm from the lack of time for preparation. See, e. g., Braxton v. Peyton, 365 F.2d 563 (4th Cir. 1966); Dawson v. Peyton, supra; Turner v. State of Maryland, 318 F.2d 852 (4th Cir. 1963). The general rule, however, is that the

> *inherent* danger of prejudice to the client where the attorney allows himself, or is restricted to, such a short time to ready himself for a criminal trial *makes additional inquiry futile and unnecessary.*

Martin v. Virginia, 365 F.2d at 552. (Emphasis supplied.) Here, opportunity for consultation was limited both as to time and as to circumstance. There could be no more than a few minutes' whispered conversation in the rear of the courtroom, amid the distractions of proceedings in progress and under pressure of the defendant's approaching trial. We think that "[t]his was hardly the atmosphere to generate that confidence which should exist between attorney and client, or to invite the kind of free communication between them which is essential." 365 F.2d at 553.

The State has failed to introduce evidence to counter the lack of due process implicit in Fields' sentence to six years in prison within fifteen or thirty minutes of the appointment of counsel. Most respectfully we disagree with the Supreme Court of Appeals' listing of several factors which it viewed as indicating that appellant had not been prejudiced. The court's opinion states that the "evidence conclusively establishes * * * that there was no defense which could have been offered to the two relatively simple charges." 207 Va. at 45, 147 S.E. 2d at 766. No such finding was made by the state habeas court, however, nor do we find adequate support for this conclusion in the record, which is at best sketchy regarding the facts of Fields' offense. Court-appointed counsel testified somewhat vaguely that he believed the statutory burglary charge was predi-

cated on the breaking and entering of a "cabin" during the hour the defendant was at large. Depending upon the location of this "cabin" and its customary use, it is questionable whether the "cabin" constituted a "dwelling house or an outhouse adjoining thereto and occupied therewith" within the meaning of either of the two burglary statutes under which the defendant was charged.[2] At least this was a subject calling for further inquiry by the defense lawyer. Another possible point to be probed by the attorney was whether the defendant had broken into the "cabin" with an intent to commit a larceny or a felony therein, as required for a conviction under the statutes. These are not matters that a layman is competent to handle, and even a trained lawyer needs time to make a proper assessment of the facts and the applicable law. Pertinent questions might also have occurred to the mind of a competent and unhurried attorney in respect to the circumstances of the escape to disclose grounds for mitigation of the severe sentence, if not as a defense.

Federal courts do not retry state cases, but these matters are mentioned to illustrate paths that were open for exploration but were disregarded for lack of time. This was less than effective representation. Cf. Martin v. Com. of Virginia, 365 F.2d 549, 552–553 & nn. 4–5 (4th Cir. 1966).

 Mention has also been made of Fields' "previous criminal court experience" as indicative of the lack of prejudice. His experience appears to have been a single conviction, the one for which Fields was undergoing punishment when he escaped; he was then not yet 21 years of age. However, this is no longer a valid approach since the holding in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), that the right to counsel is a fundamental right, essential to a fair trial. The right is not conditioned on the absence of a past criminal record.

 For these reasons the order of the District Court must be reversed. Since the State has disavowed an intention to retry the defendant, the District Court is directed to issue the writ of habeas corpus ordering the Commonwealth to release him from the burden of the judgment imposed on July 7, 1959, and credit him with any time served on the sentences here invalidated.

Reversed and remanded with directions.

2. Va.Code Ann. §§ 18–160 & 18–161 (1950), now §§ 18.1–88 & 18.1–89 (Supp.1960).