**Gerald M. SMITH, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 69–C–10–D.**

United States District Court
W. D. Virginia,
Danville Division.

Sept. 25, 1969.

Edward W. Early, Charlotte Court House, Va., for petitioner.

Edward J. White, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This proceeding comes before this court on a petition for habeas corpus filed on January 28, 1969 *in forma pauperis* by Gerald M. Smith, a prisoner of the State of Virginia, pursuant to the provisions of 28 U.S.C.A. § 2241. The petition was originally filed in the United States District Court for the Eastern District of Virginia and was transferred to this court by order dated January 27, 1969, and was duly filed in this court on the next day, January 28, 1969.

Petitioner Smith is presently serving sentence in the Virginia State Penitentiary pursuant to his conviction on November 29, 1960 in the Circuit Court of the County of Chesterfield for malicious wounding. The said petition before this court deals not with his present sentence but rather with the alleged unconstitu-

tional conviction rendered by the Circuit Court of Charlotte County on May 17, 1960 for the crime of escape, to which petitioner was sentenced to two years in the penitentiary.

An examination of the record before this court shows that petitioner, with the assistance of court-appointed counsel, through habeas corpus and coram vobis proceedings, has brought his contentions before the Circuit Court of Charlotte County on December 4, 1967, March 5, 1968 and March 12, 1968. The Circuit Court dismissed the petition on March 29, 1968. On December 6, 1968 the Supreme Court of Appeals for Virginia sustained the lower court's decision. Shortly thereafter on January 28, 1969 this court received, upon order of the United States District Court for the Eastern District, petitioner's request for habeas corpus relief. Prior to such request however, this court is of the view that petitioner had exhausted his state remedies in compliance with the provisions of 28 U.S.C.A. § 2254, as interpreted in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 837 (1963). After a full and careful examination of this petition for habeas corpus relief, this court granted the petitioner a plenary hearing on July 23, 1969. Based upon the entire record, including the plenary hearing, this court is of the opinion that petitioner Smith is to be denied the relief he seeks in his petition.

Petitioner maintains before this court that he was afforded inadequate counsel during his trial on May 17, 1960 wherein he was convicted and sentenced to two years for the crime of escape. And secondly, that should this court rule in his favor on the first point, then he is entitled to appropriate credit for the time he has served on this sentence.

The pertinent facts are as follows. While serving a recidivist conviction of ten years entered by the Circuit Court of the City of Richmond, the petitioner escaped on April 19, 1960 only to be recaptured some six days later. However, during these six days he committed various crimes which eventually ended in his conviction in the Circuit Courts of Charlotte, Westmoreland, Chesterfield and Dinwiddie respectively. On May 17, 1960 Smith was convicted of the crime of escape, receiving a two year sentence. Also during said trial the petitioner was found guilty of statutory burglary, being sentenced for an additional two year term to run consecutively.[1]

Smith alleges that his court-appointed counsel, one H. B. Chermside, who was appointed the same day of the trial, rendered petitioner only minimum assistance which prejudiced him. The Circuit Court upon receiving his guilty plea to the crime of escape, sentenced Smith to more time in prison than the amount usually received on such guilty pleas, although well within the statutory limitations. In addition, Smith contends that he was sentenced to a consecutive, rather than a concurrent sentence, which may have been avoided had his court appointed counsel sought a more vigorous and positive approach to the case. The petitioner states that he first saw and spoke to his attorney just a short time before trial and that during the whole proceeding he was not afforded any private consultation with said attorney. During the subsequent coram nobis proceeding one, A. T. Cox, who was the Superintendent of the road camp from which the petitioner escaped in April, 1960, testified that the petitioner's attorney was appointed about thirty minutes before arraignment (C.V.Tr. 134), and

1. The Bureau of Records of the Virginia State Penitentiary shows the following data: GERALD M. SMITH #71838

| DATE | COURT | CRIME | TERM | EXPIRED |
|------|-------|-------|------|---------|
| 5–17–60 | Charlotte County Circuit Court | Escape | 2 years | 10–18–60 |
| | | Stat. Burglary * # 2 | 2 years | 2–18–62 |

* This 2 yr. Stat. Burglary Sentence Declared Null & Void on 10–4–65 by Charlotte County Cir. Ct. with no Credit allowed on subsequent sentences for the time already served on Void Sentence.

that after a consultation with his attorney, petitioner Smith said that he was ready to go ahead with the trial. (C.V. Tr. 132). The only other apparent consultation that existed seems to have occurred while the Commonwealth's Attorney, the petitioner and his counsel Chermside were seated at one of counsel's tables in the open courtroom. At this time the only questions that were asked of Smith were more in the form of recommendations as to what was best for the petitioner to do under the factual circumstances. According to Smith's petition, the attorney not only had no prior dealings with Smith but during the trial itself he never went over any facts of the escape charge. Although the trial record states that petitioner knew of what charges were against him, in his plenary hearing on the 23rd of July, 1969, he stated that he did not know or understand what he was doing in entering a plea of guilty to the escape charge. Finally, the petitioner was brought to the Circuit Court with his fellow escape companion Ernest B. Burnett, on the same day of the trial from Richmond. Both prisoners returned immediately after the trial.

This court is well aware of the obvious importance that must be given to an accused person's right to equal justice under the law through the medium of "effective assistance of counsel". Surely no one stated the message better than Abraham Lincoln when he declared that "a lawyer's *time* and *advice* are his stock in trade". For a lawyer to do less would indeed be a sham to our whole legal system of justice. What then of the key words "time and advice" and their application to equal justice under the law. The case before this court provides us with an opportunity to examine the elements of an "effective assistance of counsel" as guaranteed by the Sixth and Fourteenth Amendments to the Constitution.

Prior to any discussion however, a few words are in order regarding whether or not the petitioner has standing to attack his past conviction. This point can be quickly settled. The Fourth Circuit in the case of Tucker v. Peyton, 357 F.2d 115 (4th Cir.1966) held that when a prisoner is "burdened" by a past or future conviction, then he has standing to question its validity in the federal courts. The Supreme Court of the United States in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) held that a prisoner is in "custody" under any of the consecutive sentences that he is serving for purposes of (Title 28 U.S.C.) § 2241(c) (3).

■ Petitioner Smith is seeking relief from a 1960 conviction of two years for escaping. He has completely served this sentence but prays that should this conviction be voided he will be eligible for parole at a sooner date than now predicted. We are of the view that the petitioner has standing to attack this conviction as he is sufficiently "burdened" by it.

Now to the main import of petitioner's allegations. As the prior stipulated facts pointed out, petitioner Smith maintains that he was prejudiced by the appointment of counsel on the same day of the trial to such a degree that he was denied his constitutional rights of an "effective assistance of counsel", as enunciated in Fields v. Peyton, 375 F.2d 624 (4th Cir.1967). Judge Winter, in writing the opinion for the court in Twiford v. Peyton, 372 F.2d 670 (4th Cir.1967) expressed the proposition that in same day appointment of counsel cases, where the lawyer has not had a reasonable opportunity to investigate and prepare a case, there does exist an inherent prejudice,

> "and a mere showing * * * (of the late time of appointment) constitutes a *prima facie* case of denial of effective assistance of counsel, so that the burden of proving lack of prejudice is shifted to the state." (Emphasis supplied.) 372 F.2d at 670.

Thusly, we come down to the essential inquiry as to whether or not the state

has been able to demonstrate that the petitioner was not prejudiced in his trial on the charge of escape. The Fourth Circuit in the *Fields* case, in interpreting Dawson v. Peyton, 359 F.2d 149 (1966) stated that "where the record contains adequate affirmative proof that the defendant was not prejudiced despite the lack of time for preparation, we will not find a denial of effective representation." 375 F.2d at 626. Does the case before us show by "adequate affirmative proof" that petitioner Smith was not prejudiced in his 1960 trial? This court feels that the petitioner was not so prejudiced.

We may ask ourselves what measurements must a court follow in order to best determine whether effective counsel has been given in a particular case. The Fourth Circuit in Peyton v. Fields, answered by saying that "courts are required to allow counsel sufficient time to inform themselves fully, to reflect maturely and to prepare thoroughly in the cases to which they are assigned." 375 F.2d at 628. Judge Sobeloff continued saying that "courts can no longer tolerate perfunctory performance by appointed lawyers of the duty owed to indigent defendants."

Let us consider these elements one at a time in relation to the case at bar. First, the court must allow counsel "sufficient time" to inform himself of the case under his control. We do not believe that one can totally measure effective representation in terms of a "stopwatch" procedure. The fact that an indigent defendant received only fifteen, thirty or even sixty minutes ad infinitum, of consultation is not of ultimate concern, although it does raise the presumption of inadequate representation. What is of primary importance however, is the kind of assistance rendered during the consultation time period. The last two elements mentioned by Judge Sobeloff, namely "mature reflection and thorough study" seem to fulfill the needed ingredients for an effective representation. "To reflect maturely" suggests combining a lawyer's experience over the years with his knowledge of the law in relation to the case at hand. In like manner, "to prepare thoroughly" envisions doing what the conscience, experience, knowledge and factual circumstances suggests a competent lawyer to do. Surely we cannot measure the effectiveness of counsel and whether one is prejudiced, in terms of the success or failure formula. The outcome is not the focal point upon which one considers prejudice. The court, in looking at the entire factual picture, the crime involved, the evidence before the court, the possible punishments involved as to the plea of guilty or not guilty, and the overall experience of the lawyer in dealing with like cases, is provided with an adequate measuring stick of whether or not effective representation was afforded the indigent defendant. What then of the case before us. The court appointed attorney, H. B. Chermside, although appointed the morning of the trial, was cognizant of the factual situation. The record shows that both individuals were knowledgeable of the escape charge, and Chermside conversed with the petitioner and the Commonwealth Attorney in the courtroom prior to his trial. At the plenary hearing, petitioner explained that throughout the proceedings his court appointed counsel did not ask any questions regarding the escape itself, but did mention that he couldn't deny the escape charge. During the consultation period the petitioner was advised to plead guilty by his lawyer, this being based on the Commonwealth's evidence, their witnesses, petitioner's lack of evidence and his prior escape record. Not to mention the fact that moments before, his companion, Burnette, was convicted of the same crime of escape receiving a one year sentence. The petitioner was present during this prior proceeding. On four previous occasions the petitioner had pleaded guilty to escape charges and was sentenced accordingly. The dilemma facing petitioner was easy to

comprehend, plead guilty to the charge, and along with the recommendation of the Commonwealth Attorney, possibly receive a lesser penalty.

■ Given the foregoing, this court is of the opinion that the court appointed counsel provided the petitioner with a mature and reasoned consultation with adequate "advice" flowing therefrom. Was counsel to wait until he had been with the petitioner a number of hours or days so that he was not placed in the same category as "same day appointments". In this case nothing would have been gained by either side. If we are to make lawyers give more than their respective knowledge and experience can offer, based upon some time quotient, then we are only fooling ourselves. It is not a "perfunctory" or "mechanical" performance to advise your client of the law, the evidence before the court and your recommendations, based upon previous courtroom experience in trying such cases. As the respondent has said in his brief, "a battery of attorneys and months to prepare for trial would have availed the petitioner nothing". We are clearly aware of the point that even though the odds are sufficiently against your court appointed client, it is your duty, as a member of the legal profession, to provide adequate and effective counsel. In the case at bar, Mr. Chermside performed his duties in a manner which affirmatively demonstrated that the petitioner was not prejudiced by the lateness of his court appointed counsel.

In the very recent case of Gilmer v. Peyton, Mem.Dec. No. 12,542 (4th Cir., January 24, 1969) we find a similar analysis to the case before us. In this case the respondent had the burden of proof to show that the petitioner had not been prejudiced at his trial in 1963 for housebreaking. Indictment, the appointment of counsel and the actual trial had taken place on the same day. At the hearing the attorney stated that he was aware of the evidence to be introduced against the petitioner, his lack of evidence for a possible defense on behalf of his client, the petitioner's voluntary admission of committing the crime and his subsequent plea of guilty. In this case, the Fourth Circuit ruled that the respondent had affirmatively shown that the petitioner had not been prejudiced.

■ Like the *Gilmer* case, we have a situation where the petitioner was fully aware of the consequences of his guilty plea. Having traveled the same road on four previous occasions,[2] wherein petitioner entered a plea of guilty to the escape charges, plus the trial of his fellow companion, Burnette, moments before, would give some indication as to whether the petitioner was knowledgeable of what was going on before his very eyes. This court is of the view that he voluntarily entered his plea of guilty.

For the foregoing reasons, this court is of the opinion that the "time" and "advice" rendered by petitioner's court appointed counsel were services of such character so as to "preserve the essential integrity of the proceedings as a

2. This court is cognizant of the point made in the *Fields* case, namely that under the principles enunciated in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) any person has the fundamental constitutional right to counsel. Judge Sobeloff said "The right is not conditioned on the absence of a past criminal record." 375 F.2d at 629. The existence of a criminal record, likewise, does not condition this right. We do *not* contend that the conviction on four separate occasions of escape charges provides the petitioner with sufficient knowledge of the charges against

him so that assistance of counsel would not be worthwhile. It is our contention however, that as to the knowledge of the crime (escape) itself, a person having been convicted on four previous occasions would be, to some degree, familiar with the nature of the charge against him, and possible effects of his plea of guilty. This court views Smith's previous record as an integral part in the totality of the factual framework that one must consider in making a determination as to whether one was prejudiced because of alleged inadequate representation by counsel.

trial in a court of justice". United States ex rel. Weber v. Ragen, 176 F.2d 579, 586 (7th Cir.1949) being cited in Ford v. Peyton, 209 Va. 203, 205, 163 S. E.2d 314 (1968).

The Fourth Circuit in Martin v. Commonwealth of Virginia, 365 F.2d 549, 554 (1966) stated that:

> We find it unnecessary to lay down a rule explicitly invalidating all state convictions where there is an interval of less than a day between indictment and trial. It is for the District Judge —sitting as the trier of fact—to determine whether the danger of prejudice is so great as to warrant a new trial.

In accordance with this framework, and after a thorough consideration of the entire record before us, this court is of the opinion that petitioner Smith was not prejudiced to such a degree so as to be denied his constitutional rights under the Sixth and Fourteenth Amendments.

As to the second point raised by petitioner's petition for a writ of habeas corpus, namely that should the escape conviction be declared null and void because of ineffective representation by counsel, then appropriate credit should be given petitioner on his two year Charlotte County sentence. Since this court has ruled that petitioner's representation by court appointed counsel was adequate it is unnecessary to determine the proper crediting procedures that are to be applied, other than to state that no credit will be given in this case.

For the foregoing reasons the petitioner has failed to convince this court that he is entitled to federal habeas corpus relief based upon his claim of ineffective representation of counsel. It is therefore adjudged and ordered that the writ be denied and the petition dismissed.

The clerk is directed to certify a copy of this opinion and judgment to the petitioner and to the respondent, and to counsel of record.