**Carl CLOSE, Petitioner,**

**v.**

**UNITED STATES of America, Respondent.**

**Civ. A. No. 69–C–93–R.**

United States District Court, W. D. Virginia, Roanoke Division.

Jan. 14, 1970.

Robert B. Newman, Legal Assistance for Inmates Program, Atlanta, Ga., for plaintiff.

Leigh B. Hanes, Jr., U. S. Atty. Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This proceeding (Motion to Vacate Sentence) comes before the court on a petition for a writ of habeas corpus, filed *in forma pauperis*, by Carl Close on the 13th of August, 1969, pursuant to 28 U.S.C. § 2255. Petitioner Close is presently imprisoned at the United States Penitentiary, Atlanta, Georgia, on a consolidated four count conviction, under 18 U.S.C. § 2113, for armed bank robbery, entered on the 11th of November, 1963 by this court. Under the conviction the petitioner was sentenced to twenty-five (25) years imprisonment. Ten years (10) of this sentence was to be served concurrently with a previous twenty-five (25) year sentence imposed on October 7, 1963, by the United States District Court for the Western District of South Carolina, and the remaining fifteen (15) years, of said twenty-five (25) year sentence, to run consecutively to the imprisonment imposed by the United States

District Court for the Western District of South Carolina.

Petitioner supports his Motion to Vacate Sentence under 28 U.S.C. § 2255, by alleging that he was not afforded the effective assistance of counsel guaranteed him by the Sixth Amendment of the United States Constitution. The pertinent facts with respect to the assistance of counsel question are as follows:

On the morning of November 11, 1963, this court appointed Harvey S. Lutins, Esq., as counsel for the petitioner. Approximately some three hours elapsed between the time of the petitioner's initial conference with his court-appointed attorney and his eventual arraignment, plea and sentencing by this court. Petitioner's motion contends that due to the short duration of time between appointment of counsel and the court's final judgment in the case, said counsel "did not have time to investigate fully the law or the facts of petitioner's case in order to assess or prepare any possible defenses. He had no time to reflect unhurriedly upon the case or to confer properly with petitioner in order to give him meaningful legal advice".

Pursuant to 28 U.S.C. § 2255, petitioner's motion requests this court to grant him a hearing, wherein he can appear, along with Mr. Harvey S. Lutins, Esq., to develop, through testimony, findings of fact and conclusions of law, as to the vital question of whether or not said petitioner was afforded the effective assistance of counsel on November 11, 1963. This court is presented with two basic questions. The first being whether or not the petitioner is entitled to a hearing on the claims he raises in the petition before this court. The second question focuses on whether or not the petitioner was denied effective representation of counsel, based upon the records and files in the case, should a hearing be denied.

 As to the first question presented, the court has thoroughly examined the provisions of 28 U.S.C. § 2255 and their application to the granting of a hearing in the case at bar.

Section 2255 of Title 28, United States Code, provides, in part, as follows:

\* \* \* (u)nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that \* \* \*. There has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

With the foregoing provision in mind, this court must first consider whether the "files and records of the case conclusively show that the prisoner is entitled to no relief".

In Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1961), the United States Supreme Court stated that

\* \* \* a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. *The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner.* (Emphasis Added)

Title 28, United States Code, Section 2255 provides in addition that

\* \* \* (A) court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

This court, in the exercise of its discretion, through common sense, concludes that said petitioner is not entitled to a hearing, as a findings of fact can be made without the personal presence of the prisoner.

■ In accordance with applicable case law, the establishment of factual issues in the habeas corpus proceeding before this court, through the use of *ex parte affidavits*, has not been allowed. Jones v. Cunningham, 313 F.2d 347 (4th Cir. 1963). The respondent's answer filed on October 31, 1969, includes *ex parte affidavits*, one being an affidavit of Mr. Harvey S. Lutins, and the second affidavit includes the interview notes between Mr. Lutins and Vincent Wintell, nephew of petitioner Close, and Betty Lou Close O'Donnell, sister of the petitioner, relative to their collaboration with the petitioner on the bank robbery episode. Both of these affidavits, not being a part of the files and records of this case, become "purported occurrences outside the courtroom" and thusly are of no avail in this proceeding. Machibroda v. United States, 368 U.S. at 494, 82 S. Ct. 510, 7 L.Ed.2d 473.

The essential factual circumstances of petitioner's case regarding his effective representation by counsel were known to this court prior to the actual proceeding as it took place on the 11th of November, 1963. This court was aware that Mr. Lutins was representing petitioner's nephew and sister on charges arising out of the same bank robbery involved herein. Counsel's familiarity with elements of the bank robbery served as the basis for his appointment to this case. Surely, a logical and common sense approach and procedure.

The Supreme Court in the *Machibroda* case contended that although "occurrences outside the courtroom" could not be supplied by *ex parte affidavits*, it would be permissible for the District Judge to consider those circumstances "by drawing upon his own personal knowledge or recollection". 368 U.S. at 495, 82 S.Ct. at 514. This court's personal knowledge of the factual situation involved established the fact that the court-appointed counsel was quite knowledgeable of the facts surrounding petitioner's case.

The First Circuit Court of Appeals stated in Sanchez v. United States, 256 F.2d 73, 75 (1 Cir., 1958) that

\* \* \* (C)ertainly the judge who presided at the trial, and thus was perfectly well aware of the services rendered by court-appointed counsel, had no obligation to call a hearing on the defendant's § 2255 motion, in order to waste time while the defendant undertook to make specific his vague general allegations of counsel's inadequacy.

In view of the foregoing principles, this court finds as a matter of fact that said court-appointed counsel, Mr. Harvey S. Lutins, was familiar with the events of June 4, 1963 and their relation to the petitioner. The factual development, as it presently exists, enables the court to determine from the record and files that no hearing shall be needed to hear petitioner's allegations. The record provides us with ample background information to make a reasoned and in depth appraisal of petitioner's claims.

■ The second vital question to be answered is whether or not the petitioner was afforded the effective assistance of counsel, based upon the record and files in this case.

In Smith v. Cox, D.C., 307 F.Supp. 773, judgment having been entered on the 25th of September, 1969, by this court, we therein stated that

\* \* \* (T)his court is well aware of the obvious importance that must be given to an accused person's right to equal justice under the law through the medium of 'effective assistance of counsel'. Surely no one stated the message better than did Abraham Lincoln when he declared that 'a lawyer's time and advice are his stock in trade'. For a lawyer to do less would indeed be a sham to our whole legal system of justice.

As has been discussed many times by this court in similar cases, the key words of "time and advice", in relation to effective representation by counsel, are of utmost importance. This court does not dispute the view held by the Fourth Circuit that the late appointment of counsel "constitutes a prima facie case of denial of effective assistance of counsel". Twiford v. Peyton, 372 F.2d 670, 673 (4 Cir., 1967). A similar contention was expressed in Fields v. Peyton, 375 F.2d 624 (4th Cir. 1967).

The Fourth Circuit Court of Appeals, in the *Fields* case, expressed the view that "courts are required to allow counsel sufficient time to inform themselves fully, to reflect maturely and to prepare thoroughly in cases to which they are assigned". 375 F.2d at 628. Were these elements met in the case at bar? It is the opinion of this court that such elements were fulfilled without prejudice to the petitioner.

Initially, we may ask ourselves whether counsel had "sufficient time to inform" himself fully of the case before him. Petitioner contends that to fulfill these elements "time is the one indispensible element". In line with previous decisions by this court, the element of "time" cannot be measured in terms of stopwatch procedure. Where would the dividing line be drawn as to whether the accused was afforded "sufficient time" so that he was given adequate representation? In discussing this very point, this court said in Redd v. Peyton, D.C., 270 F.Supp. 757, 759 (1967) that

> * * * (I)t is clear that the length of time petitioner's attorney has to prepare for trial is not of itself sufficient to show petitioner was inadequately represented. To establish that a person has been inadequately represented he must show that his attorney made a farce of the trial. As stated in Root v. Cunningham, 344 F. 2d 1, 3 (4th Cir. 1965), "Ordinarily, one is deprived of effective assistance of counsel only in those extreme instances where the representation is so

transparently inadequate as to make a farce of the trial".

Along with this reasoning, the amount of consulting time between counsel and the accused is not of ultimate concern. Rather, this court looks to the kind of assistance rendered during the consultation period as the point that should be emphasized.

Of equal concern however, are the two additional elements of mature reflection and adequate preparation. These elements envision combining the talents of experience and knowledge of the law and factual circumstances involved. An examination of these elements, in the case at bar, does not demonstrate that the petitioner was denied his rights under the provisions of the Sixth Amendment. We are mindful of the concept set forth in Twiford v. Peyton, where Judge Winter expressed the view that

> * * * effective assistance of counsel was not denied, notwithstanding the late time of appointment or lack of preparation of counsel, where the record showed affirmatively that an accused was not prejudiced thereby. 372 F.2d at 673.

Petitioner Close was not prejudiced by the appointment of counsel some three hours prior to the time his case came before the court. The record does affirmatively show that petitioner received the assistance of counsel, namely, a person who was quite familiar with the factual situation prior to his appointment by the court. Again referring to the *Fields* case, the Fourth Circuit in interpreting an earlier decision in Dawson v. Peyton, 359 F.2d 149 (4 Cir. 1966), held that "where the record contains adequate affirmative proof that the defendant was not prejudiced despite the lack of time for preparation, we will not find a denial of effective representation". 375 F. 2d at 626.

The record further shows that the petitioner voluntarily entered a plea of guilty to the four (4) count indictment.

The relevant part of the transcript reads as follows:

MR. MASON: Mr. Close, since the recess of court earlier today, have you discussed the charges pending against you with your court appointed attorney, Mr. Lutins?

DEFENDANT, CLOSE: Yes sir. Yes, sir.

MR. MASON: Do you understand the nature of the charges against you?

DEFENDANT, CLOSE: Yes, sir, I do.

MR. MASON: With that understanding, are you prepared at this time to enter a plea to the four counts of the indictment against you—

DEFENDANT, CLOSE: Yes, sir.

MR. MASON: —of either guilty or not guilty?

DEFENDANT, CLOSE: Yes, sir.

MR. MASON: What is your wish?

DEFENDANT, CLOSE: I wish to enter a guilty plea, sir.

MR. MASON: I'd like to advise Mr. Close, if Your Honor please, before the court accepts his plea of guilty, that the maximum sentence provided by law for the charges against you in the indictment that has been returned against you is twenty-five (25) years imprisonment or a fine of $10,000 or both. Now, with that understanding, I ask you if your plea of guilty to the indictment and to all counts of the indictment is entered by you, Mr. Close, voluntarily on your part, knowingly and without any threat or any promises of any nature having been made to you?

DEFENDANT, CLOSE: Yes, sir.

MR. MASON: And it is still your wish to enter your plea of guilty?

DEFENDANT, CLOSE: Yes, sir.

It clearly seems to this court that the defendant-petitioner was extremely knowledgeable of the case against him, that he voluntarily entered into a plea of guilty, realizing the possible punishment that could be given him under the circumstances, and that he was satisfied with his counsel's representation of him during the entire proceedings. It is now, some six years later, that the petitioner decides that his representation by counsel was ineffective.

In light of the foregoing reasons, this court is of the opinion that petitioner Close did not receive only formal and cursory representation. Petitioner's court-appointed counsel was in a different position than is usually present in similar cases where the contention of the late appointment of counsel is raised as grounds for ineffective representation. Mr. Lutins, having been quite familiar with the existing factual situation for about a month before his actual appointment to the case, did not reflect unhurriedly upon petitioner's rights and interests. His legal advice was "meaningful", and without prejudice, in every sense of the word.

Accordingly, this court concludes that counsel had sufficient time to inform himself fully of the factual situation, prepare thoroughly, and to render legal advice which was based upon a mature and knowledgeable reflection of the facts and issues presented to him by the petitioner and the United States Attorney.

Therefore, it is the judgment of the court that petitioner's request for a hearing be denied, and his Motion to Vacate Sentence, pursuant to 28 U.S.C. § 2255, is hereby denied and dismissed.

The clerk of the court is directed to send a certified copy of this opinion to the petitioner and to the respondent. An additional copy shall be sent to the Emory University School of Law, c/o Legal Assistance for Inmates Program, Atlanta, Georgia 30315.