**UNITED STATES of America ex rel. John BRADLEY, Petitioner-Appellant,**

v.

**Daniel McMANN, Warden of Auburn State Prison, Auburn, New York, Respondent-Appellee.**

No. 615, Docket 33895.

United States Court of Appeals, Second Circuit.

Argued March 19, 1970.

Decided April 3, 1970.

Jack C. Auspitz, New York City, for petitioner-appellant.

Arlene R. Silverman, Deputy Asst. Atty. Gen. (Louis J. Lefkowitz, Atty., Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before MOORE and FEINBERG, Circuit Judges, and BONSAL,* District Judge.

FEINBERG, Circuit Judge.

John Bradley appeals from the denial without an evidentiary hearing of his habeas corpus petition by the United States District Court for the Western District of New York, John T. Curtin, J. In 1966, after a jury trial in the County Court for Erie County, New York, appellant was convicted of third degree burglary. Appellant's principal claim is that he was denied the effective assistance of counsel because his appointed trial counsel, although assigned some five months before the trial, did not interview or consult with him until the day trial was to begin. Appellant argues that the failure of trial counsel to verify and bolster an alibi was a consequence of this tardy preparation and is a sufficient showing of prejudice to constitute inadequate representation, that the late preparation of his counsel was inherently prejudicial, that the burden in the district court was therefore on the state to show lack of prejudice, citing United States ex rel. Chambers v. Maroney, 408 F.2d 1186 (3d Cir.), cert. granted, 396 U.S. 900, 90 S.Ct. 225, 24 L.Ed.2d 177 (1969); United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3d Cir. 1968); Twiford v. Peyton, 372 F. 2d 670 (4th Cir. 1967), and that this burden was not met.

However, on this record these arguments do not persuade us to reverse. Appellant's alleged alibi was apparently not disclosed to counsel at a conference several hours before the trial began, but was mentioned for the first time when appellant testified. The fact that the meeting with counsel did not take place earlier was therefore not significant. Moreover, the testimony was offered in the following context: Celms, the occupant of the burglarized house, testified that he had lived there only a few days and surprised appellant in his home, but appellant got away after a struggle. Having heard this testimony, appellant then admitted that he had entered the house, but claimed that he was only looking for one Louis Brown, whom he had visited there the month before and from whom he had purchased a car. No other evidence of the existence of Brown or of the car papers was produced or has ever been proffered to any court since. On rebuttal, Celms then destroyed appellant's alibi by stating that although he had only recently moved in, he had owned the house for 13 years and that no one named Louis Brown had ever lived there.

The record thus belies the claim of prejudice resulting from the belated preparation of his trial counsel. On these facts, we do not reach the question whether the burden of proof to rebut

* Of the Southern District of New York sitting by designation.

any presumption of prejudice should be on the state, once scanty preparation by counsel is shown, as in the cases cited above. The "affirmative proof" adduced by the state at appellant's trial was ample rebuttal of any such presumption. See United States ex rel. Chambers v. Maroney, *supra,* 408 F.2d at 1195.

Appellant's other arguments are without merit and do not require discussion.

Judgment affirmed. We commend assigned counsel, Jack C. Auspitz, for his excellent representation of appellant in this court.