## Richmond

LEMUEL LEROY BURLEY v. C. C. PEYTON, SUPERINTENDENT OF THE
VIRGINIA STATE PENITENTIARY.

November 29, 1965.

Record No. 6056.

Present, All the Justices.

*Robert R. Gwathmey, III*, for the plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General* (*Robert Y. Button, Attorney General*, on brief), for the defendant in error.

GORDON, J., delivered the opinion of the court.

In this appeal from an order dismissing a petition for the writ of habeas corpus, the question is whether Lemuel Leroy Burley was adequately represented by counsel at his trial for armed robbery. Burley was represented by court-appointed counsel at the criminal trial and by different court-appointed counsel in this habeas corpus proceeding.

The grand jury convened March 19, 1956 and presented an indictment against Burley on that day. The indictment comprised three counts, charging armed robbery, grand larceny and felonious assault.

Burley's counsel described the circumstances surrounding his appointment to defend Burley and the details of the trial on March 19, 1956, as follows:

". . . it was customary that the members of the Bar were sitting at the Bar when the indictments were read, or when the Grand Jury returned the True Bills, at which time it was determined which ones were represented by counsel and which ones were not.

"On that day the Judge appointed me to represent Burley; If I remember correctly I was sitting beside the Commonwealth Attorney, and the prisoners were directly behind us, or on a bench close by.

"I turned around and asked Burley was he the one that I had been appointed to represent, and here was the indictment, and what did he want to do about it. And he said he wanted to get the trial over with, and that he had confessed.

"I turned to the Commonwealth Attorney and he had a bunch of papers in his hand, if I remember correctly, and I said, Lee, what would you recommend on a plea of guilty in this case? And he said, because of the facts I have here I would recommend forty years. And if I remember correctly I turned back to Burley. I said if you plead guilty the Commonwealth Attorney is going to recomment forty years. And he said that he still wanted to be tried that day.

"The Judge looked down at the Bar again, and I said, Judge, we are ready to be tried, and Burley was arraigned, pleaded guilty, and the Judge sentenced him to forty years on the recommendation of the Commonwealth Attorney."

Burley pleaded guilty to the charge of armed robbery, and he was sentenced to a term of forty years on that charge. (He pleaded not guilty to the other counts of the indictment, and those counts were dismissed on motion of the Commonwealth's attorney after the sentence for armed robbery was pronounced.)

When the sentence was pronounced, Burley "lunged right forward toward the Judge. He said, 'My God, I didn't murder anybody.'" Police officers subdued him.

As shown by counsel's testimony, he had only a brief conversation

with Burley, in the courtroom immediately before arraignment and trial. Counsel advised himself of the charges against Burley only by reading the indictment or hearing it read in open court. He did not recall that he explained the counts in the indictment to Burley; but he pointed out that Burley was present when the indictment was read and "there seemed to be no question in his mind what he was charged with".

Counsel did not know whether Burley had confessed commission of the crimes with which he was charged in the indictment. He did not read the confession or inquire whether or not it was made voluntarily. Aside from his knowledge that Burley had signed a statement that purported to be a confession, counsel's only information respecting proof of the crime or crimes was gathered from the statement of the Commonwealth's attorney, "because of the facts I have here I would recommend forty years".

Counsel testified that, if he remembered correctly, he advised Burley that the Commonwealth's attorney would recommend forty years. But Burley was positive in his testimony that he was not told this, and his actions after the pronouncement of the sentence corroborated his positive testimony.

The trial judge was of the opinion that "there was nothing else that . . . [counsel] could do for him [Burley]", in view of the confession. He therefore denied the writ.

Nevertheless, as has been pointed out by this court, even if the petitioner "will not profit by a retrial . . . he is entitled to a trial which meets the constitutional requirement with respect to the assistance of counsel . . ." *Whitley* v. *Cunningham*, 205 Va. 251, 258, 135 S.E. 2d 823, 828. "The act of appointing counsel is not enough if in the circumstances the traverser is not afforded in any substantial sense professional advice and assistance". *Jones* v. *Cunningham*, 297 F.2d 851, 855 (4th Cir. 1962) (quoted with approval in *Whitley* v. *Cunningham, supra*, 205 Va. at 258, 135 S.E. 2d at 828.)

The record affords no basis for a finding that Burley was given effective assistance of counsel at his first trial. Burley was in the same position as if counsel had not been appointed. Counsel did nothing to ascertain whether Burley was advised of the nature of the charges against him, or whether his purported confession constituted evidence of his guilt or was properly admissible as evidence against him, or whether there was other evidence sufficient to prove the corpus delicti. He did not ask for a continuance so that he might

make the necessary investigation to determine what plea he should recommend to his client, and prepare adequately for trial.

This case is controlled by *Whitley* v. *Cunningham, supra.* More indictments were presented against Whitley than against Burley, and preparation for trial of the charges against Whitley might have involved more extensive research and investigation of the facts. On the other hand, Burley's counsel did less than Whitley's counsel to advise himself and his client of the nature and proof of the charges.

Because of ineffective assistance of counsel, the order appealed from will be reversed and the conviction set aside; and the case will be remanded with direction to issue the writ of habeas corpus, ordering, at the election of the Commonwealth, the return of the petitioner to the trial court to be tried on the first count of the indictment, charging armed robbery, or his release.

*Reversed and remanded.*