**John E. HUDGINS, #90024, Petitioner,**

v.

**CIRCUIT COURT OF CHESAPEAKE, City of Chesapeake, Chesapeake, VIRGINIA, Respondent.**

**Misc. No. 6829–N.**

United States District Court
E. D. Virginia,
Norfolk Division.

June 12, 1968.

John E. Hudgins, pro se.

Reno S. Harp, III, Asst. Atty. Gen., of Virginia, Richmond, Va., for respondent.

## MEMORANDUM ORDER

KELLAM, District Judge.

Petitioner here seeks a writ of mandamus to require defendant to furnish him "certain court records of petitioner's case, which are needed by petitioner to perfect his petition." Petitioner seeks to obtain "a copy of transcript of trial proceedings."

Petitioner asserts he was sentenced on August 15, 1967, in the Circuit Court of Chesapeake, Virginia, upon a plea of guilty to the charge of statutory burglary, to a term of five years imprisonment. He was represented in said proceedings by court-appointed counsel. He does not allege whether he appealed such conviction or now desires to appeal the same, or whether he wishes or intends to file a petition for habeas corpus. He merely alleges he requested the defendant to furnish him "certain court records of petitioner's case, which are needed by petitioner to perfect his petition." He says the Judge of the defendant Court advised him there was no provision of law by which an indigent defendant could obtain "the court records of petitioner's case," and that he sought mandamus from the Supreme Court of Appeals of Virginia to compel the delivery of such "records," which was refused. Petitioner here says he desires—

"A. Photostatic copy of warrant of arrest.

"B. Copy of transcript of trial proceedings."

and he needs them to "perfect petitioner's cause." What "cause" is not alleged, that is, whether for appeal, habeas corpus application, etc.

Section 14.1–183 of the Code of Virginia, 1950, as amended, provides that any person unable to pay the fees therefor may have from all officers all needful services and processes. Section 17–30.1 of the same Code provides that in "all felony cases where it appears * * * from the affidavit of the defendant and other evidence that the defendant intends to seek an appeal and is financially unable to pay such cost[s]", upon motion of counsel for defendant the Court shall order the evidence transcribed, and the cost shall be paid by the Commonwealth. No provision is made for a transcript of the evidence of the criminal trial for use in applying for habeas corpus.

It is not clear here what petitioner sought from the Clerk of the Circuit Court of Chesapeake, and he does not now allege the purpose of the same,

whether for habeas corpus or appeal. He is not entitled to the record or transcript of the evidence, without cost, "merely for his examination in order to determine whether he wishes to engage in litigation", nor is he entitled to it at government expense "without a showing of the need" with a hope of discovering some supposed flaw. United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963). He cannot establish ineffectiveness of state relief if he has not sought state relief in a proper and orderly way.[1] He had court-appointed counsel to represent him, and does not contend he asked him to appeal, or to obtain the record and transcript for appeal, nor does he allege he desires the copy of the warrant to be used for applying for state habeas. Under the statute last above cited, he is not entitled to the transcript of the evidence in the criminal trial for use in a petition for habeas corpus. The statute is plain. The right of an indigent to a transcript of the evidence is limited to "an appeal." Harrison v. Boles, 307 F.2d 928, 932 (4th Cir. 1962).

Before a writ of mandamus may issue, it must appear that the claim is clear and certain and the duty of the officer involved must be ministerial, plainly defined and peremptory. The duty sought to be exercised must be a positive command and so plainly prescribed as to be free from doubt. Wilbur v. United States, 281 U.S. 206, 50 S.Ct. 320, 74 L.Ed. 809; Prairie Band of the Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10th Cir. 1966), cert. denied 385 U.S. 831, 87 S.Ct. 70, 17 L.Ed. 2d 67. Courts do not have power to require a public officer to take any action which he does not have a legal duty to perform. McWhorter v. Kennedy, 8 Cir., 324 F.2d 793. The test does not here exist.

The petition is filed in forma pauperis, the relief prayed for is denied and the petition dismissed. It is ordered that a copy of this memorandum order be sent to the Attorney General of Virginia, along with copy of the petition, a copy to respondent and to petitioner.

---

1. Pate v. Wilson, 348 F.2d 900, 901 (9th Cir. 1965); Morehead v. California, 339 F.2d 170, 171 (9th Cir. 1964); Rayborn v. Jones, 284 F.2d 678 (6th Cir. 1960).