## 𝔖taunton

### ERNEST CLIFTON FORD v. C. C. PEYTON, SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY.

September 6, 1968.

Record No. 6752.

Present, All the Justices.

*Peter O. Ward, Jr. (Hunton, Williams, Gay, Powell & Gibson,* on brief), for plaintiff in error.

*Overton P. Pollard, Assistant Attorney General (Robert Y. Button, Attorney General; Reno S. Harp, III, Assistant Attorney General,* on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

On December 7, 1953, Ernest Clifton Ford, represented by court-appointed counsel, was convicted on six charges of statutory burglary and one charge of common law burglary and was sentenced to confinement in the State penitentiary for a total of 26 years. On February 14, 1964, Ford filed in the court below a petition for a writ of habeas corpus, alleging ineffective representation by counsel and thus a denial of due process in his 1953 trial. After a hearing on the petition the trial court denied the writ and dismissed the petition

by its order entered on March 17, 1964. No attempt was made to appeal from this order, but on April 27, 1966, Ford filed an original petition for a writ of habeas corpus in this court, which was based substantially on the same grounds as the earlier petition. This court treated the 1966 petition as a petition for a writ of error to the 1964 judgment, and granted the writ.

The primary question presented by Ford is whether he was denied effective assistance of counsel, and in order to determine that we must look to the evidence in the habeas corpus hearing, which is before us on an agreed statement of facts. It is in substance as follows:

The attorney appointed by the court to represent Ford at the time of his 1953 trial stated that although his recollection of this trial was slight, he thought he had been appointed within a matter of minutes before Ford was tried. After the appointment he conferred with Ford in an office adjacent to the courtroom and told him of the seriousness of the crimes charged and the possibility of the death sentence if he pleaded not guilty. He advised him to plead guilty on all charges and to be tried that same day. After he told Ford that the Commonwealth's attorney would recommend sentences totaling seven years, Ford then pleaded guilty to the indictments.

The attorney also testified that he had a standard procedure over the years to advise clients that they could plead guilty or not guilty and what punishment they could receive upon conviction. He stated also that it was the practice of the judge presiding at Ford's trial to appoint lawyers for indigents immediately prior to the time of trial, and if the defendants pleaded guilty they would be tried right after the lawyer was appointed.

Ford testified that his interview with his court-appointed attorney lasted no longer than ten to fifteen minutes. He pleaded guilty to the charges upon the representation to him that he would receive not more than ten years on all of the charges. He related how he had committed the crimes charged and admitted that his chief complaint with the 1953 trial was that he had received too much time.

An accused's right to effective assistance of counsel is guaranteed by both the due process clause of the Federal Constitution and the Virginia Bill of Rights. *Whitley v. Cunningham*, 205 Va. 251, 252, 135 S. E. 2d 823, 825 (1964); *Morris v. Smyth*, 202 Va. 832, 833, 120 S. E. 2d 465, 466 (1961); *Gideon v. Wainwright*, 372 U. S. 335, 339, 83 S. Ct. 792, 9 L. ed. 2d 799, 93 A.L.R. 2d 733.

The act of appointing counsel for an indigent defendant "is not

enough if in the circumstances the traverser is not afforded in any substantial sense professional advice and assistance." *Jones* v. *Cunningham*, 297 F. 2d 851, 855 (4 Cir. 1962). The services rendered should be of such character "as to preserve the essential integrity of the proceedings as a trial in a court of justice." *United States* v. *Ragen*, 176 F. 2d 579, 586 (7 Cir. 1949).

"* * * Ordinarily, one is deprived of effective assistance of counsel only in those extreme instances where the representation is so transparently inadequate as to make a farce of the trial." *Root* v. *Cunningham*, 344 F. 2d 1, 3 (4 Cir. 1965).

It is apparent from an examination of the record that Ford was denied effective assistance of counsel. The indictments were both serious and complex in their nature. The short time spent by counsel with Ford after his appointment and before trial indicates that there could not have been a complete and full discussion of the charges set forth in the indictments. Counsel should have moved for a continuance because he simply did not have adequate time to advise Ford and prepare for the trial of all seven of the charges. The advice of counsel as to the seriousness of the charges and the possible sentences if found guilty certainly was not tantamount to effective assistance of counsel.

It is true that Ford admitted and explained in detail at the habeas corpus hearing how he committed the crimes charged; and it may also be true that he will not profit by a retrial of the many charges against him. He is nevertheless entitled to a trial which meets the constitutional requirements with respect to the assistance of counsel, and we hold that the evidence here establishes that he has not had such a trial. *Whitley* v. *Cunningham, supra,* 205 Va. at 258, 135 S. E. 2d at 828; *Burley* v. *Peyton*, 206 Va. 546, 548, 145 S. E. 2d 175, 177 (1965).

For the reasons stated, the order appealed from is reversed, the convictions set aside, and the case is remanded to the Corporation Court of the City of Lynchburg with direction to issue the writ of habeas corpus and require that the defendant be returned to the custody of the said court to be tried on the indictments involved.

*Reversed and remanded.*