## Richmond

RICHARD WYNN v. C. C. PEYTON, SUPERINTENDENT OF THE VIRGINIA
STATE PENITENTIARY.

January 18, 1971.

Record No. 7181.

Present, All the Justices.

*William A. Young, Jr. (William T. Parker, on brief), for plaintiff
in error.*

*Gerald L. Baliles, Assistant Attorney General (Robert Y. Button,
Attorney General, on brief), for defendant in error.*

HARRISON, J., delivered the opinion of the court.

Richard Wynn appeals from a final judgment of the lower court
dismissing his petition for a writ of habeas corpus. He complains
that a warrant upon which he was tried in 1958 did not charge the

offense of robbery, and that his court-appointed counsel did not provide him with effective assistance.

On July 15, 1958 defendant was arrested on a warrant which charged that Wynn in Norfolk County, Virginia on the 20th day of September, 1957, "did unlawfully and feloniously rob by force, Irene Hutchins Tignor and Catherine Cherry, and did threaten to kill by discharging a twenty-five automatic. This offense was committed in the store belonging to Mrs. Tignor, against the peace and dignity of the Commonwealth."

The case was certified to the grand jury on July 18th. Thereafter on July 24th Wynn executed a writing reciting that he was in custody awaiting trial for robbery and that he waived the finding of an indictment or presentment by the grand jury. He requested in this waiver that he be tried on the warrant.

An order entered by the Circuit Court of Norfolk County recites that on the 24th day of July, 1958 the attorney for the Commonwealth, the defendant, and Earle A. Cadmus, counsel for defendant, appeared in open court, at which time defendant waived in writing the formal finding of an indictment against him by the grand jury, indicated a desire to waive arraignment and enter a plea of guilty, and that defendant did plead guilty to robbery. The order further recites that on motion of defendant in person, with the consent and concurrence of the Commonwealth's Attorney, the court heard the evidence and argument of counsel and found defendant guilty of robbery. The trial court then fixed defendant's punishment at 15 years in the penitentiary, pronounced judgment and sentenced him accordingly.

We find no merit in defendant's argument that the warrant under which he was tried and convicted was fatally defective. Manifestly it was not expertly drawn and its form is not precise and legalistic. However, the language of the warrant was sufficiently clear to inform defendant that he was being charged with the crime of robbery. The trial court had jurisdiction of his person and the crime charged and the punishment imposed was within the limits prescribed by law. His plea of guilty was to robbery and his conviction was of that offense. The indictment that he waived was an indictment that would have charged robbery. The warrant on which he agreed to be tried was a warrant which he described in the waiver as charging him with the crime of robbery. Petitioner's claim of a defective warrant is rejected for reasons fully considered by this court

in *Peyton* v. *Ellyson*, 207 Va. 423, 150 S. E. 2d 104 (1966) and *Forester* v. *Commonwealth*, 210 Va. 764, 173 S. E. 2d 851 (1970).

■ Defendant argues that because his counsel permitted him to be tried on a warrant, which he alleges to be defective, this constituted ineffective representation. We do not agree. It is clear that the warrant charged defendant with committing the crime of robbery and that the defendant so understood. It would have profited him little for his counsel to have insisted that the warrant be amended and the crime charged with more precision. The offense on which he was being held and the punishment that awaited him would have remained the same.

At the plenary hearing defendant testified that at his 1958 trial he did not have and never saw an attorney and did not know what "he was pleading guilty to". However, on cross-examination he admitted that he was charged with robbery and that he was so told by the deputy sheriff. He further admitted that he came into court and waived indictment by the grand jury. He denied that he pleaded guilty.

The official records of the court below reflect that the Honorable Earle A. Cadmus, presently the Municipal Judge of the City of Chesapeake, was appointed to represent defendant, appeared with defendant on the day of trial, participated in the trial, argued the case, and was allowed an attorney's fee by the court for his services.

Judge Cadmus testified that in 1958 approximately one-half of his cases were criminal defense cases. His recollection was that he was "called to come over to represent Richard Wynn" and that Wynn wanted to waive indictment, plead guilty and be tried by the court, and that the trial court wanted a lawyer to talk with him before such action was taken. He said that defendant admitted his guilt to him and had previously made a confession. He was asked if defendant was "vehement" in saying he wanted to plead guilty and waive indictment by the grand jury, to which Cadmus replied in the affirmative and observed: "You can't talk to a man who wants to plead guilty and waive indictment. He could probably wait until the next term of court. This was in July, and that would have been in November. But I imagine he didn't want to stay in jail that long."

Judge Cadmus was of the opinion that he "did the best I could for this man under the circumstances. If the man wanted to plead guilty and waive indictment that is perfectly proper, and that is exactly what was done in this case. It was put down in the record here

so that if there ever was any hereafter there would be some written evidence of exactly what the defendant did".

There are valid and varied reasons why persons accused of crimes enter pleas of guilty, waive juries and seek prompt trials. In the instant case the testimony of Cadmus shows that defendant had confessed to the crime of robbery and admitted his guilt. The crime was a serious one involving robbery with a firearm. Defendant had a previous record. In this setting and background, he apparently concluded that it was in his best interest to seek an immediate trial, waive the formalities of an indictment and enter a plea of guilty. This action was taken knowingly and voluntarily and represented his considered judgment. The punishment he received was not excessive or unduly harsh for the crime of armed robbery.

Defendant's counsel should not be charged with ineffectiveness here because he could not dissuade defendant from the course of action he had determined to take. It is not suggested, and there is no reason to believe, that had the warrant been amended, or a formal indictment returned by the grand jury, or a trial had by a jury, or had defendant been tried at a subsequent term of court, the outcome would have been different or the penalty imposed on defendant been less.

█ No objective test can be devised to measure and determine what constitutes effective representation of a client by his attorney. It must necessarily depend upon the facts and circumstances of each case. The competency of defense counsel here is not in question. The record is devoid of any evidence to substantiate defendant's claim of ineffective assistance of counsel—unless the fact that counsel was appointed on the day defendant was tried constitutes *per se* a denial of effective assistance. We are unwilling to so hold.

We have considered numerous "same day appointment cases" treating each separately as to whether defendant's rights were prejudiced. While we have criticized the practice of appointing counsel on the day of trial, we have also studiously refrained from establishing an inflexible rule on the subject. See *Whitley* v. *Cunningham*, 205 Va. 251, 135 S. E. 2d 823 (1964); *Peyton* v. *Fields*, 207 Va. 40, 147 S. E. 2d 762 (1966); *Blowe* v. *Peyton*, 208 Va. 68, 155 S. E. 2d 351 (1967); *Ford* v. *Peyton*, 209 Va. 203, 163 S. E. 2d 314 (1968).

The United States Supreme Court, in the recent case of *Chambers* v. *Maroney*, 399 U. S. 42, 53-4, 90 S. Ct. 1975, 1982-83, 26 L. Ed. 2d 419, 429-30 (1970), declined to adopt the presumption rule that the late appointment of defense counsel means counsel was ineffective, and held:

"Unquestionably, the courts should make every effort to effect early appointments of counsel in all cases. But we are not disposed to fashion a *per se* rule requiring reversal of every conviction following tardy appointment of counsel or to hold that, whenever a habeas corpus petition alleges a belated appointment, an evidentiary hearing must be held to determine whether the defendant has been denied his constitutional right to counsel."

Prior to this decision the United States Court of Appeals for both the Third Circuit and the Fourth Circuit had adopted and followed the presumption doctrine in late appointment cases. *United States ex rel. Mathis* v. *Rundle*, 394 F. 2d 748 (3rd Cir. 1968), *Fields* v. *Peyton*, 375 F. 2d 624 (4th Cir. 1967). Following *Chambers* v. *Maroney*, *supra*, the United States Court of Appeals for the Third Circuit overruled *Mathis* and abandoned the presumption doctrine. See *Moore* v. *United States*, 432 F. 2d 730 (3rd Cir. 1970) and *Davis* v. *Peyton*, 211 Va. 525, 178 S.E.2d 679 (1971) this day decided.

The record in the case under review shows affirmatively that defendant was not prejudiced by the appointment of his counsel on the day of trial or otherwise. The judgment of the trial court is

*Affirmed.*