# Richmond

## CHARLES ARNOLD DAVIS v. C. C. PEYTON, SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY.

January 18, 1971.

Record No. 7207.

Present, All the Justices.

*Robert F. Brooks* (*Hunton, Williams, Gay, Powell & Gibson*, on brief), for plaintiff in error.

*Vann H. Lefcoe, Assistant Attorney General* (*Robert Y. Button, Attorney General; Edward J. White, Assistant Attorney General*, on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

Petitioner, Charles Arnold Davis, on August 23, 1954 was convicted of malicious wounding and sentenced to five years in the penitentiary.

On May 14, 1968, while serving a sentence imposed upon him as a recidivist, based upon three felony convictions, Davis filed in the lower court his petition for a writ of habeas corpus. In it he attacked the second of his felony convictions, the 1954 conviction for malicious wounding, on the grounds of ineffective representation by court-appointed counsel. A plenary hearing was held September 16, 1968, and Davis appeals from the judgment order entered September 24, 1968, denying him relief.

As the evidence taken at his 1954 trial was not transcribed or preserved and counsel then representing Davis died before the present proceeding was initiated, the record before us is meager.

Having been arrested and charged with the malicious wounding of his wife on July 12, 1954, Davis was indicted on August 16, 1954. By order entered the next day Mr. Cecil N. Harris, an experienced Richmond attorney who devoted most of his time to the practice of criminal law, was appointed to defend Davis and thirty other persons charged with felonies.

The court records show that in trials conducted on August 23, 1954 Mr. Harris defended sixteen clients, twelve of whom, including Davis, he had been appointed to represent six days before, and that during the week beginning August 23, 1954 he defended thirty-one persons charged with fifty felonies.

The testimony given by Davis at the plenary hearing may be summarized as follows: On August 20, 1954, Mr. Harris conferred with

him in jail for about fifteen minutes, did not review the indictment with him or explain the difference between malicious wounding and unlawful wounding, recommended that he plead guilty and, when he declined to do so, advised him that a continuance could not be obtained and that the docket was "too crowded" to permit him to have the jury trial that he desired. Counsel again conferred with Davis for a few minutes on the day of trial. After Davis had entered a plea of not guilty his wife, who was the complaining witness, did not testify, and the only witnesses who testified against him were the investigating officers. Although Davis testified, no other witnesses were called on his behalf. After his conviction, according to Davis, he asked his counsel to appeal but was advised that an appeal would cost $500.00.

The court found that Davis was not denied a jury trial. The court order of August 23, 1954 recited that Davis, after consulting with his counsel, gave his consent in person to trial by the court and not by jury, and, with the concurrence of the court and the Commonwealth's Attorney, was thereupon tried by the court. This court record imports absolute verity. *Walker* v. *Commonwealth*, 144 Va. 648, 659, 131 S. E. 230, 233 (1926). It may not now be impeached.

The court was justified in disbelieving Davis' testimony that his counsel informed him that he could not receive a jury trial because the docket was "too crowded" and a continuance could not be obtained. The evidence showed, as the court found, that Mr. Harris was a competent attorney who had successfully sought continuances in other cases.

As was pointed out by the court one of the other cases tried by Mr. Harris on August 23, 1954 was also a malicious wounding case in which the defendant was found guilty of the lesser offense of unlawful wounding. While we are not here concerned with the sufficiency of the evidence upon which he was convicted, the record shows that Davis not only admitted shooting his wife twice but, after calling the police to the scene, expressed to them regret that he had not killed her.

Davis conceded that there were no witnesses to the shooting and that he only suggested to counsel the names of several neighbors who might testify for him as character witnesses. He could not say that Mr. Harris failed to explore the possibility of using them for this purpose. So there is no support for the allegation that counsel was derelict in his duty to investigate. Moreover, failure to summons or call witnesses is usually an exercise of judgment and trial strategy by

defense counsel and not a basis for an allegation of ineffective representation. *O'Malley* v. *United States*, 285 F. 2d 733, 734 (6th Cir. 1961); Palmer, *Incompetency and Inadequacy of Counsel as a Basis for Relief in Federal Habeas Corpus Proceedings*, 20 Sw. L. J. 136, 145 (1966).

■ Having found Davis' testimony in support of his other allegations incredible, the court was not required to believe his testimony that he was not properly advised of his right to appeal, particularly since Davis does not seek a delayed appeal but merely cites his counsel's alleged dereliction as further evidence of ineffective representation.

We cannot hold as a matter of law that the lower court erred in refusing to believe the uncorroborated testimony of Davis, who waited for almost fourteen years after his conviction before complaining about the services rendered by his deceased counsel.

■ Davis argues, however, that the record evidence of his counsel's heavy workload of itself establishes ineffective representation. We disagree.

Davis relies primarily upon *Coles* v. *Peyton*, 389 F. 2d 224 (4th Cir. 1968). There, it was stated at p. 226 that counsel for an indigent defendant should be appointed promptly, should be afforded a reasonable opportunity to prepare his defense, must confer with his client without undue delay and as often as necessary, must conduct appropriate investigations and "allow himself enough time for reflection and preparation for trial." Failure "to abide by these requirements constitutes a denial of effective representation of counsel" unless the state can rebut the presumption of prejudice to the client. In commenting upon the large number of defendants (fifty-eight) whom his two counsel were appointed to defend at one court term the court suggested that this fact might explain the "woefully inadequate services" rendered to Coles.

It is doubtful that the presumption of prejudice doctrine applied in *Coles* v. *Peyton, supra,* will stand in view of the language in *Chambers* v. *Maroney*, 399 U. S. 42, 54, 90 S. Ct. 1975, 1982, 26 L. Ed. 2d 419, 429 (1970), disapproving such a presumption where late appointment of counsel was shown. Thus, following the *Chambers* decision the Third Circuit reversed itself and overruled *United States ex rel. Mathis* v. *Rundle*, 394 F. 2d 748 (3rd Cir. 1968) to the extent that it had adopted the presumption as approved by the Fourth Circuit in *Fields* v. *Peyton*, 375 F. 2d 624 (4th Cir. 1967). *Moore* v. *United States,* 432 F. 2d 730 (3rd Cir. 1970).

In *Moore* the court stated at p. 735 "it is but just that one who claims his counsel had inadequately represented him should have the burden of proving the charge." We agree with this principle and believe that it should apply not only in late appointment cases but in all cases where allegations of denial of effective representation by counsel are asserted. *Peyton* v. *Ellyson*, 207 Va. 423, 150 S. E. 2d 104 (1966). *See Wynn* v. *Peyton*, 211 Va. 515, 178 S. E. 2d 676 (1971), this day decided.

*Ford* v. *Peyton*, 209 Va. 203, 163 S. E. 2d 314 (1968) and *Whitley* v. *Cunningham*, 205 Va. 251, 135 S. E. 2d 823 (1964), also relied upon by Davis, are distinguishable from the present case. We concluded that the record in each of those cases established ineffective representation by counsel to the prejudice of the defendant when counsel was appointed on the day of trial and the charges were numerous and complex. There, as in *Coles* v. *Peyton, supra*, counsel testified and substantiated in part the petitioners' allegations of ineffective representation.

Davis is not entitled to relief. He has clearly failed to carry the burden of proof required under the rule which we approve. He has also failed to bring himself within the presumption of prejudice doctrine of the Fourth Circuit, if indeed this doctrine survives, for there is no showing of ineffective representation through failure to comply with any of the requirements of counsel enumerated in *Coles* v. *Peyton, supra*.

Davis received a sentence of five years when the applicable statute provided for a maximum sentence of ten years. The record and the findings of the lower court rebut any suggestion that his counsel could have been more effective if Davis had been his only client and six months rather than six days had been available before trial. It often requires no more than a few minutes to determine that a client has no defense. *See Megantz* v. *Ash*, 412 F. 2d 804, 807 (1st Cir. 1969).

*Affirmed.*