JOE JULIAN HERN v. JAMES D. COX, SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY (A. E. SLAYTON, NOW SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY, SUBSTITUTED DEFENDANT IN ERROR).

January 17, 1972.

Record No. 7713.

Present, All the Justices.

*C. Willard Norwood*, for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

Joe Julian Hern (Hern or petitioner) appeals from a final order of the trial court denying his petition for a writ of *habeas corpus*

and remanding him to the custody of the penal authorities of the Commonwealth.

The two claims which he asserts here are that: (1) the record fails to show that he was convicted of robbery or any crime, and (2) he was ineffectively represented by counsel at his trial upon an indictment for robbery.

Hern and three companions were arrested by the police in Hampton, Virginia, on September 4, 1963, on another charge. Because of information developed as a result of the investigation of Hern and his companions, E. M. Lloyd, an investigator for the Virginia State Police, interviewed Hern on September 5 about a robbery which had occurred at the Shady Grove Motel in Hanover County on March 17, 1963.

Investigator Lloyd, in an interview that lasted less than one hour, obtained a written statement from Hern in which Hern admitted that he acted as a lookout for the robber, Kenneth Gordon Clough, drove the "getaway" car and shared the proceeds of the motel robbery with Clough.

Hern subsequently received a preliminary hearing and was indicted in Hanover County. On December 10, 1963, he was brought before the Hanover County Circuit Court which appointed Robert R. Gwathmey, III, to represent Hern, who was indigent. The order entered that day shows that Hern was arraigned on the indictment and ". . . pleaded not guilty to robbery as charged in the indictment, but pleaded guilty to aiding and abetting, which plea was tendered by the accused, in person, and the Court being of the opinion that the accused fully understood the nature and effect of his plea, proceeded to hear and determine the case without the intervention of a jury as provided by law, and having heard the evidence, the court, on motion of the defendant by counsel, before fixing punishment or imposing sentence, doth direct the Probation Officer of this Court to thoroughly investigate and report to the Court . . ." on Hern.

On January 20, 1964, Hern was again brought before the court. The order entered then recites: "This day came again the attorney for the Commonwealth and Joe Julian Hern who stands convicted of a felony, to-wit: Robbery, was again led to the bar in the custody of the sheriff of this court and came also Robert R. Gwathmey, III, attorney for the accused." The order then goes on to recite the filing of the probation officer's report, the proceedings thereon and then sentences Hern to confinement in the penitentiary for a term of 20 years.

■ While the orders entered on December 10, 1963, and January 20, 1964, are not as explicit as they might have been, they are sufficient to establish the validity of the sentence imposed, for, as we have said:

"(a) plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the offense to which it is directed, the effect of which is to authorize the imposition of the punishment prescribed by law on a verdict of guilty of the offense admitted . . ." *Crutchfield* v. *Commonwealth*, 187 Va. 291, 296, 46 S.E.2d 340, 342 (1948).

The December 10 order shows, and Hern concedes, that he tendered a plea of guilty to aiding and abetting in the robbery. Upon such a plea, as a principal in the second degree or accessory before the fact, the court was authorized to impose the same punishment upon Hern as if he were the actual robber. Code § 18.1-11. The fact that the plea was intelligently and voluntarily tendered by Hern is established by the court's finding "that the accused fully understood the nature and effect of his plea", and, while the acceptance of the plea was not explicitly set forth in the order, the acceptance is implicit from the action of the court which "proceeded to hear and determine the case without the intervention of a jury as provided by law."

The order of January 20, 1964, likewise establishes the acceptance of the plea by its recitation that Hern "stands convicted of a felony, to-wit: Robbery."

Thus we have a voluntary and intelligent plea of guilty, accepted and entered by the court upon which the court was authorized and did impose punishment prescribed by law. So this ground for appeal is without merit.

■ In arguing the second question raised on appeal, namely ineffective representation of counsel, the petitioner argues that we should adopt a *per se* rule that an interval of one day or less between appointment of counsel and trial raises a presumption that effective assistance of counsel was not afforded him. He would have us shift the burden of proof to the penal authorities to show that the petitioner suffered no prejudice.

We have had occasion to consider and reject this same argument on many other occasions. Recently we again reconsidered and re-

jected it in *Wynn* v. *Peyton*, 211 Va. 515, 178 S.E.2d 676 (1971), and *Davis* v. *Peyton*, 211 Va. 525, 178 S.E.2d 679 (1971). For the reasons set forth there we again reject it here.

■ Finally Hern argues that the court should have granted his writ upon the evidence produced at the plenary hearing. He says this evidence establishes ineffective assistance of counsel.

Where, as here, a person serving a sentence seeks his release by *habeas corpus* on the grounds of ineffective assistance of counsel, he has the burden of proving the charge made by a preponderance of the evidence. Further, "effective" assistance of counsel means something less than successful assistance and, usually, a person is deprived of effective assistance only in those extreme instances where the representation is so inadequate as to make a farce of the trial. In order for one to be deprived of effective assistance, there must be some showing of prejudice to the defendant before a conviction will be overturned. *Peyton* v. *Ellyson*, 207 Va. 423, 427-28, 150 S.E.2d 104, 107 (1966).

It is fundamental that the respondent, Cox, having prevailed in the trial court, is entitled to have the evidence viewed in its most favorable light from his standpoint. And the judgment of the trial court, in such circumstances, shall not be set aside unless plainly wrong or without evidence to support it. *Peyton* v. *Alexander*, 208 Va. 129, 155 S.E.2d 343 (1967); Code § 8-491.

The record establishes that Robert R. Gwathmey, III, was appointed to represent Hern on the same day his guilty plea was entered. Gwathmey did not receive his summons to testify until the day of the plenary hearing, more than 5-½ years after the final order in the criminal proceeding. Because of the short notice he received, Gwathmey had not had an opportunity to refresh his recollection from the official record nor to ascertain whether he had any records in his files that would assist him in recalling what transpired from the time of his appointment until final disposition of the criminal case.

Gwathmey's testimony, however, establishes that he did confer privately with Hern and the codefendant, Clough, and that he spent "right much time" on the case. He learned from them that Hern was not the actual robber who "tied up or manhandled" the victim. Hern admitted to Gwathmey that he had acted as a lookout for Clough, the robber.

Gwathmey also testified that he conferred with the Common-

wealth's witnesses and with either the Commonwealth's attorney or the investigating officer or both about a possible plea. In conferring with the authorities Gwathmey took the position that Hern, although a principal in the second degree, should not be unduly penalized for Clough's action when he "tied up or manhandled" the victim since this action on Clough's part was neither agreed to nor anticipated by Hern.

When asked why the petitioner plead not guilty to robbery but guilty to aiding and abetting, as shown by the December 10 order, Gwathmey explained that he recommended such a plea to Hern after discussing the case with Hern and making his investigation. Gwathmey recognized that the punishment provided by law would be the same but this was done because ". . . normally you don't get the same punishment for aiding and abetting that you would for the actual robbery . . . often there is a difference of the punishment that the Court will fix, not what the statute provides but what the Court will fix."

Applying the principles of law as set forth earlier to this evidence, the trial court was correct in denying the petition as the petitioner had failed to carry the burden of proof of ineffective assistance of counsel.

For these reasons the judgment is affirmed.

*Affirmed.*