**George W. JORDAN, Petitioner,**

v.

**A. E. SLAYTON, Jr., Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71–C–111–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

May 3, 1972.

**820**

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

George W. Jordan petitions this court for a writ of habeas corpus to terminate his alleged illegal confinement in the Virginia prison system. Leave to proceed *in forma pauperis* has been granted.

Petitioner is currently serving a four year sentence in the State Penitentiary imposed by the Circuit Court of Richmond under the state recidivist statute, Va.Code Ann. § 53–296. He now contests the validity of several convictions in the Hustings Court of Roanoke upon which the recidivist proceeding was based:

> February 6, 1943; three charges of statutory burglary, total sentence: nine (9) years.
>
> July 3, 1950; two charges of statutory burglary; total sentence: three (3) years.
>
> January 11, 1956; three charges of statutory burglary; total sentence: four (4) years.
>
> October 13, 1958; two charges of statutory burglary; total sentence: two (2) years.

In each proceeding Jordan pleaded guilty to all charges, and he does not here challenge the voluntariness of the pleas. He does, however, allege six other grounds for his illegal detention, variously applicable to one or more of the convictions, to wit: 1) absence of counsel; 2) ineffective representation of counsel; 3) absence of parents at trial; 4) failure of the trial court to provide official records; 5) denied an appeal; and 6) sentenced upon the plea alone. Petitioner presented these claims by habeas corpus to the Roanoke Hustings Court, which dismissed his petition, after hearing, on February 11, 1970. The Supreme Court of Virginia affirmed the dismissal on June 15, 1971, by denying his petition for a writ of error. He has effectively exhausted his available state remedies as required by 28 U.S.C. § 2254. Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963); Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963).

### 1943 Conviction

Jordan claims that he was not represented by counsel, nor were his parents present, at the 1943 trial during which he was fifteen years old. He testified that he was convicted and sentenced by the judge in chambers in the presence of the City Sergeant and a secretary. As proof he relies upon the conviction order of February 6, 1943 which lacks any notation that he was represented by counsel.

■■ A court record imports absolute verity: what it states was done may not be impeached by showing that it was in fact not done. Davis v. Peyton, 211 Va. 525, 178 S.E.2d 679 (1971); Walker v. Commonwealth, 144 Va. 648, 131 S.E. 230 (1926). However the converse of the Virginia rule—what the record does not show was done was not done—is not necessarily binding here. This court accords great respect and deference to the state court records, but being silent on the issue of counsel, they do not preclude further inquiry. Brad-

ley v. Smyth, 255 F.2d 45, 47 (4th Cir. 1958); compare Walker v. Commonwealth, supra.

It also appears that in 1943 a Virginia Court of Record was not required to include in its records any notation that a defendant was represented by counsel, at least where the defendant pleaded guilty.[1] Mr. C. E. Cuddy, Commonwealth Attorney for Roanoke, testified at the hearing that since the Court was not required to do so, the records customarily omitted any reference to an attorney.[2]

Mr. Cuddy indicated that petitioner was represented by Mr. W. J. Austin, an experienced attorney and later a Judge, now deceased. He asserted that as was his custom he had noted in 1943 the fact of representation on an office record card. Jordan admits that during the proceedings Mr. Austin had tried to place him in a reform school, presumably to avoid a more severe penalty. Finally, in a prison "Classification Report" dated "4–1943" and signed by petitioner there is contained a notation that he had been represented at trial by "Mr. Austin". This court agrees with the Hustings Court's finding at the plenary hearing that Jordan was indeed represented by counsel at the trial.

Petitioner's claims that his parents were not present at the trial requires no further consideration since their notification and presence were not required once he had been certified to the grand jury of the Hustings Court.

### 1950 and 1958 Convictions

Jordan alleges that in both of these trials he was prejudiced by the appointment of counsel on the day of trial to such a degree that he was denied his rights to effective assistance of counsel, as enunciated in Fields v. Peyton, 375 F.2d 624 (4th Cir. 1967). *Fields* followed the proposition expressed by Judge Winter in Twiford v. Peyton, 372 F.2d 670 (4th Cir. 1967) that in late appointment cases, where the attorney is not afforded a reasonable opportunity to investigate and prepare a case, there exists an inherent prejudice,

> and a mere showing * * * (of the late time of appointment) constitutes a *prima facie* case of denial of effective assistance of counsel, so that the burden of proving lack of prejudice is shifted to the state. (Emphasis added)

372 F.2d at 673. See also Coles v. Peyton, 389 F.2d 224 (4th Cir. 1968) cert. den. 393 U.S. 849, 89 S.Ct. 80, 21 L.Ed. 2d 120. The presumption of harm may be overcome if the record contains affirmative proof that an accused was not prejudiced despite the lack of time for preparation. Fields v. Peyton, supra, at 626 of 375 F.2d; Dawson v. Peyton, 359 F.2d 149 (4th Cir. 1966); Turner v. State of Maryland, 318 F.2d 852 (4th Cir. 1963).

The court feels, however, that the *Fields* presumption no longer stands in view of the language in Chambers v. Maroney, 399 U.S. 42, 54, 90 S.Ct. 1975, 1982, 26 L.Ed.2d 419, 429 (1970) disapproving and refusing to adopt such a *per se* rule where late appointment of counsel is shown. Davis v. Peyton, 211 Va. at 528, 178 S.E.2d at 679. Following the *Chambers* decision the Third Circuit reversed itself and overruled United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3rd Cir. 1968) to the extent that it had adopted the presumption approved in *Fields* and its predecessors. Moore v. United States, 432 F.2d 730 (3rd Cir. 1970).[3] It appears therefore

---

1. The requirement was later adopted and, after several amendments, is now embodied in Va.Code Ann. § 19.1–241.1. In any case the failure to note representation in itself would not have violated petitioner's constitutional right. Cf. Fitzgerald v. Smyth, 194 Va. 681, 74 S.E.2d 810 (1953).

2. Mr. Cuddy was Commonwealth's Attorney for Roanoke during all of the trials attacked here.

3. In Rastrom v. Robbins, 440 F.2d 1251 (1st Cir. 1971) the First Circuit decided that it would not adopt the Fourth Circuit's presumption, with which it had pre-

that petitioner still carries the burden of proving his charge of ineffective representation. Moore v. United States, supra.

Jordan claims that in both trials counsel was not appointed until after he pleaded guilty to the charges. The testimony adduced at the hearing indicates that it was contemporary practice (in 1950, 1956 and 1958) that on the first day of the court's term each month all prisoners not represented by counsel were brought before the court for its examination. The day of trial for each prisoner may or may not have already been set. Questioning each prisoner individually, the court would determine what his tentative plea was. Whatever the plea, it was not binding upon the prisoner. The court would then appoint counsel for the prisoner, and they then would be excused for consultations about the particular charge. In no case was a defendant indicted nor required to tender a formal plea before counsel was appointed.

Mr. F. R. Fitzpatrick, petitioner's counsel at the 1950 trial, testified that he could recall little, if anything, about Jordan's trial. He noted however that after appointment he would customarily secure the records and then confer with his client. After hearing the accused's view and advising him of his rights, he would consult the Commonwealth's Attorney, the police, and anyone the accused suggested might be helpful. If it was determined that no valid defense could be asserted, or if the accused readily admitted his guilt and wanted to be tried promptly, Fitzpatrick would then confer with the Commonwealth's Attorney about a possible sentence recommendation. If the case warranted further investigation, counsel could easily secure

a continuance. Otherwise the accused would plead guilty and be tried on the same day as the appointment. Often the entire procedure covered only a one or two hour span. Mr. H. S. Lutins, Jordan's attorney at the 1958 trial intimated that his usual practice of handling criminal cases was identical to Mr. Fitzpatrick's. Although his independent recollection of Jordan's trial was extremely vague, he did suggest that Jordan told him he wanted to plead guilty. He further noted that only where an accused had informed his attorney that he wanted to plead guilty would he be tried on the same day counsel was appointed.

Jordan offers no other evidence to indicate prejudice by the late appointment of counsel and none appears from the record. However short a period was required, each attorney nevertheless had ample time to acquaint himself with the circumstances of the case and reflect upon them. See Coles v. Peyton, supra. These are not cases where the charges were involved or complex or in which the attorney represented many defendants in a short period of time. E. g. Coles v. Peyton, supra; Ford v. Peyton, 209 Va. 203, 163 S.E.2d 314 (1968); Whitley v. Cunningham, 205 Va. 251, 135 S.E.2d 823 (1964). Although Jordan could not be expected to possess great legal sophistication, he was certainly no stranger to the court's processes in general and to the charge of statutory burglary in particular. At the state hearing he noted his satisfaction with the moderate sentences imposed in both trials, and he further admitted that before the 1950 trial he had freely entered the police station and confessed to the crimes.

Appointment of counsel shortly before trial is not favored by this court or in-

viously expressed sympathy. See Megantz v. Ash, 412 F.2d 804 (1st Cir. 1969). The Third Circuit, in *Moore*, observed that in determining the adequacy of the allotted preparation time, a court must consider many of the same factors that must be weighed in determining the prejudicial effect of a late appointment. 432

F.2d at 735. The First Circuit added that the Fourth Circuit cases involved evidence of prejudice in addition to the shortage of preparation time. It concluded that there was little difference between the Fourth Circuit test and the totality of circumstances test applied in other circuits. 440 F.2d at 1253.

deed by any court in Virginia, and so far as this court is aware, the practice no longer exists. But occasionally a defendant may desire prompt action by the court on the date of appointment, which may be done under appropriate circumstances. However, in light of the circumstances of this case, the court finds that in each trial petitioner's guilty pleas were valid and further that he was not prejudiced by the late appointment of counsel.

### 1956 Conviction

Jordan similarly attacks the 1956 conviction because counsel was appointed the day of the trial. The record indicates, however, that Mr. C. E. Viar was appointed eight days before trial. Although his memory of Jordan's trial was likewise dim, he noted that in late appointment cases he too would confer with the defendant and advise him of his rights, and that he would consult other necessary parties and officers of the court. He asserted that in questionable cases he could easily obtain a continuance. Jordan does not present or even suggest any other evidence to demonstrate ineffective representation by Mr. Viar. For the reasons discussed here and above, the court finds that the pleas of guilty in the 1956 proceeding were valid.

Jordan presents three additional infirmities allegedly applicable to all of the proceedings: 1) that he has been denied court records; 2) that he was denied his right to appeal; and 3) that he was sentenced upon the plea alone. These claims are without merit. First, petitioner fails to indicate for what purposes he requested the records, as, for example, that he had instituted court proceedings. He was therefore not entitled to them. United States v. Glass, 317 F.2d 200 (4th Cir. 1963); Hudgins v. Circuit Court of Chesapeake, Virginia, 294 F.Supp. 258 (E.D.Va.1968); Braxton v. Peyton, 291 F.Supp. 865 (W. D.Va.1968). In any case there are notations in the record before this court that at various times Jordan was indeed supplied with certain records.

Second, because he pleaded guilty to the charges, he effectively waived his right to appeal. Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (1969). There is no indication that either exception to the waiver rule—i. e., the court's lack of jurisdiction or its imposition of a sentence exceeding that authorized by law—existed as to any of the trials.

Finally, even if no evidence was presented in these trials, which is not altogether clear from the record, petitioner's rights were not violated. A valid plea of guilty is in itself a conviction, wherein nothing remains but to give judgment and determine punishment, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); and it relieves the prosecution from proof of any facts. Camm v. Peyton, 299 F.Supp. 485 (W.D.Va.1969); Smith v. Peyton, 276 F.Supp. 275 (W.D.Va. 1967).

Since the record amply demonstrates that Jordan's claims have no merit, it is therefore ordered and adjudged that the petition for a writ of habeas corpus be and is hereby dismissed.