Joseph Franklin EDWARDS,
Sr., Petitioner,

v.

VIRGINIA STATE DEPARTMENT OF
CORRECTIONS and the Attorney
General of Virginia, Respondents.

Civ. A. No. 78–0241(R).

United States District Court,
W. D. Virginia,
Roanoke Division.

Nov. 27, 1978.

Joseph Franklin Edwards, pro se.

Jerry P. Slonaker, Asst. Atty. Gen., Richmond, Va., for respondents.

## MEMORANDUM OPINION

TURK, Chief Judge.

Petitioner, Joseph Franklin Edwards, Sr., was convicted in the Circuit Court of Franklin County on December 9, 1968, of breaking and entering and possession of a sawed-off shotgun. He was sentenced to the Virginia State Penitentiary for twenty years with twelve suspended and a five-year sentence to run concurrently with the first. On April 7, 1973, the petitioner escaped from Penitentiary Camp No. 7, White Post, Virginia. Petitioner was subsequently convicted in North Carolina on North Carolina charges, and sentenced to the North Carolina Penitentiary. Petitioner was thereafter returned to Virginia under the Interstate Agreement on Detainers to face charges arising from his original escape attempt. On June 23, 1976, petitioner

was tried and convicted pursuant to his plea of guilty in the Circuit Court of the City of Richmond, and sentenced to one year in the penitentiary. Petitioner has presented no constitutional claims to any Virginia State Court with respect to this conviction. On June 28, 1976, petitioner was returned to North Carolina in accordance with the detainer agreement. Detainers have been filed by Virginia in North Carolina for service of petitioner's Virginia penitentiary time at the completion of his North Carolina term.

On October 11, 1978, petitioner filed a petition for writ of habeas corpus with this court alleging his one-year conviction for escape to be constitutionally infirm for several reasons. He maintains (1) that he was denied the effective assistance of counsel because he saw his appointed counsel on only one occasion before trial; counsel would not allow him to explain to the court the circumstances surrounding the escape; counsel would not allow petitioner to inform the court of his North Carolina sentences; and counsel would not allow petitioner to testify or present evidence, (2) that he was denied an appeal; and, (3) that Virginia's detainers filed in North Carolina should be lifted because petitioner has already satisfied his Virginia sentences by virtue of the time that has elapsed since those sentences were imposed. Petitioner also attacks restrictions on parole, minimum custody, and eligibility for prison programs imposed by North Carolina prison authorities as a result of the Virginia detainers. Being a collateral consequence of the Virginia State Court conviction, this claim will be treated merely as a petition for habeas relief from the Virginia judgment. Should petitioner have specific complaints regarding conditions at the North Carolina Penitentiary, they should be raised in the North Carolina courts.

As to petitioner's first claim that he was denied the effective assistance of counsel, it is apparent that in Virginia claims of ineffective assistance of counsel may be raised in a state petition for writ of habeas corpus. *See Burley v. Peyton,* 206 Va. 546,

145 S.E.2d 175 (1965), *Whitley v. Cunningham,* 205 Va. 251, 135 S.E.2d 823 (1964). Consequently, as petitioner has not presented this claim to a state court he has failed to exhaust his available state remedies. *Slayton v. Smith,* 404 U.S. 53, 92 S.Ct. 174, 30 L.Ed.2d 209 (1971); *Durkin v. Davis,* 538 F.2d 1037 (4th Cir. 1976).

Petitioner's second allegation, that he was denied the right to appeal his one-year sentence for escape, suffers from the same defect as petitioner has not raised this issue in any state court. Further, there is no right to appeal from a plea of guilty in Virginia. *Peyton v. King,* 210 Va. 194, 169 S.E.2d 269 (1969); *Saunders v. Reynolds,* 214 Va. 697, 204 S.E.2d 421 (1974). Additionally, the fourteenth amendment of the United States Constitution does not require the states to provide for an appeal in criminal cases. *McKane v. Durston,* 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894). The state does, however, have a duty to provide a post-conviction corrective process. *See Mooney v. Holohan,* 294 U.S. 103, 113, 55 S.Ct. 340, 79 L.Ed. 791 (1935). However, Virginia provides for the necessary review through its writ of habeas corpus. Therefore, petitioner's inability to appeal from his plea of guilty states no constitutional claim.

In his third allegation petitioner appears to allege that the time which has expired since his escape from the Virginia Penitentiary, including all time spent in the North Carolina Penitentiary, should be counted against his Virginia sentence. This claim has been raised once before by the petitioner in this court, rejected in an opinion and judgment rendered on April 21, 1976. As stated in that opinion, there is no evidence that the Virginia sentence was to run concurrently with the North Carolina sentence; and the North Carolina Court would not have the power to force the Virginia sentence to run concurrently with the North Carolina sentence. Moreover, it is clear that a state sentence is tolled by a prisoner's escape, and the time of imprisonment does not begin to run until he is returned to the state of his original confine-

ment. *Neblett v. Zahradnick*, No. 76–8187 (4th Cir. August 31, 1977). Consequently, the court finds no merit to this claim.

For the above-stated reasons, petitioner's petition is dismissed.