COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Elder and Bray
Argued at Salem, Virginia


MICHAEL EDWARD MILLS
                                              OPINION BY
v.    Record No. 2886-95-3      CHIEF JUDGE NORMAN K. MOON
                                         FEBRUARY 4, 1997
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                     Charles H. Smith, Jr., Judge

            Kevin D. Tiller (V. Blake McKinney, P.C., on
            brief), for appellant.

            Michael T. Judge, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.



        Michael Edward Mills contends the trial court erred in

denying his motion for a continuance and motion to allow him to

discharge his retained counsel, who was not prepared for trial

and had not communicated with him.  We agree and reverse.

        On December 12, 1994, warrants were issued charging Mills

with robbery and use of a firearm in the commission of robbery.

Counsel was appointed and a preliminary hearing was set for

February 15, 1995.  Subsequent to the appointment of counsel,

Mills retained his own counsel and appointed counsel was

discharged.

        Following indictment, a jury trial was set for May 30, 1995.

 On May 26, 1995, the trial court conducted a hearing to consider

Mills' motion that his retained counsel be removed because Mills

no longer wanted the counsel to represent him and Mills had hired

other counsel.  During the hearing, Mills changed his mind and advised the court that he wanted his originally retained counsel to represent him in the trial on May 30, 1995.  However, Mills failed to appear for trial on May 30, 1995, and the court issued a capias for his arrest.

A jury trial was reset for October 17, 1995.  On that date, when the case was called, retained counsel advised the court that he was ready to proceed, but that Mills had reservations about proceeding.  Mills stated that he had been unable to contact counsel since the May 26, 1995 hearing, that he had only seen counsel for about fifteen minutes in the interim, and that his numerous calls to counsel had not been returned.  Further, Mills stated counsel had failed to subpoena two witnesses.  Mills also stated that he had sent a letter on October 7, 1995 to the trial court, which the court acknowledged having received, explaining that he had not been able to contact his counsel, requesting that an officer of the court do so, and explaining that he had witnesses he needed to have subpoenaed.

The trial court inquired as to the identity and whereabouts of the witnesses.  Mills indicated that he wished to have Rita Kay Slagle, Diane Caywood, and Thomas Franklin Salmons, Jr. testify.  Mills explained that Slagle and Caywood had been present on the evening of the alleged robbery and that Salmons could explain how Mills had come into the possession of $698 found in his possession on the evening of his arrest.  Mills further explained that when he was arrested, he had reported to

Officer Bishop at the Washington County jail that Salmons could explain how he had acquired the $698.

The trial judge then inquired about the relevance of the witnesses Mills wished to have testify and asked counsel what efforts had been made to investigate the charges and contact these witnesses. The following dialogue is reported:

| | |
|---|---|
| The Court: | Are subpoenas issued for them? |
| Mills' counsel: | It is my understanding, no-- (inaudible) |
| The Court: | Are they available? |
| Mills' counsel: | I have no information to the contrary. |
| The Court: | Have you spoken with either of them? |
| Mills' counsel: | I have not spoken with either of them. |
| The Court: | What about Mr. Salmons? |
| Mills' counsel: | I have not spoken with Mr. Salmons. |
| The Court: | What do you know about their knowledge of the case? |
| Mills' counsel: | Judge, the information received from Mr. Mills-from my information, they witnessed the transaction involving cocaine (inaudible due to counsel's mumbling). The jury, I believe, would probably be reluctant to see the nature of the content of what transpired that night. |
| The Court: | You consider either of the three of them to be material witnesses? |
| Mills' counsel: | I think the two girls would be material witnesses, yes. |
| The Court: | You have not spoken with them? |

- 3 -

| | |
|---|---|
| Mills' counsel: | If they say what my understanding is, I would want them as witnesses. |
| The Court: | Well, Counsel has announced ready for trial. These are charges that carry life, plus three years. Counsel [sic] telling me he's ready without having spoken to these two material witnesses? |
| Mills' counsel: | It's my understanding with the Commonwealth Attorney that Mr. Manuel is not denying the cocaine transaction or the confrontation or the condition that night. In view of that, the Commonwealth Attorney (inaudible due to counsel's mumbling). Have I spoken anything wrong? |

*   *   *   *   *   *   *

| | |
|---|---|
| The Commonwealth: | Your Honor, I anticipated [appellant's] wanting to continue this to have Mr. Salmons present, so I went ahead and issued a subpoena yesterday for Mr. Salmons, and . . . Mr. Salmons was in rehab in Salem, I believe . . . . |

*   *   *   *   *   *   *

| | |
|---|---|
| The Court: | [Counsel], have you in your investigation and in preparation for this trial, ferreted all of this out and reconciled all of these conflicting stories? |
| Mills' counsel: | Judge, in my opinion, this is a trial; one on one. It comes down to reliability of the prosecuting witnesses. Mr. Bishop was doing his job. He's responded to certain calls. He responded (inaudible). |

The trial judge then called Officer Bishop to explain his knowledge of Mr. Salmon's involvement with the charges against Mills. Officer Bishop testified that the night of Mills' arrest,

Mills told Officer Bishop that he had received the $698 from a Mr. Buchanan, not Mr. Salmons. Officer Bishop stated that he contacted Mr. Buchanan, who denied having given Mills any money. Officer Bishop testified that his only contact with Mr. Salmons had been at the scene of an alleged robbery where Mr. Salmons stated that he had been robbed by Mills. Officer Bishop reported that Mr. Salmons was intoxicated at the time and later declined to press charges or be interviewed about the matter. Upon questioning by Mills' counsel, Officer Bishop reported that the incident with Salmons had occurred after the time Mills had been jailed for the robbery for which he was being tried.

After Officer Bishop's testimony, the court provided Mills the opportunity to take the stand to refute or explain the matters testified to by Officer Bishop. Mills declined to do so, "due to lack of representation of counsel." The trial judge then decided to proceed to trial.

A defendant's right to retain counsel of his own choosing is "a qualified right which is limited by a countervailing state interest in proceeding with prosecutions on an orderly and expeditious basis." Bolden v. Commonwealth, 11 Va. App. 187, 190, 387 S.E.2d 534, 534 (1990). Further, "broad discretion is afforded the trial court in determining whether a continuance to obtain counsel should be granted. Only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for a delay violates the right to the assistance of counsel." Id. at 191, 397 S.E.2d at 536.

In <u>Feigley v. Commonwealth</u>, 16 Va. App. 717, 432 S.E.2d 520 (1993), we considered a defendant's appeal from an order of conviction for distribution and conspiracy to distribute cocaine. The defendant contended that the trial court erred in denying his motion for a continuance on the day of trial so that he might retain an attorney of his choosing. Concluding that the defendant had not met his burden, we held that no exceptional circumstances existed, and that the defendant had not "shown that the denial of a continuance prejudiced his case. There is no indication that the court-appointed attorney conducted an inadequate investigation, was unprepared for trial, or failed to pursue a vigorous defense." <u>Id.</u> at 721, 432 S.E.2d at 523. In so deciding we noted that "[defendant's] only complaint is that he and his attorney were not particularly compatible."

Otherwise expressed, <u>Feigley</u> stands for the proposition that where a defendant's attorney is unprepared for trial, has not conducted an adequate investigation and generally has not responded to or communicated with his client, failure to grant a continuance for defendant to hire new counsel may be an abuse of discretion. Here, the trial court's questioning of Mills' counsel made it clear that counsel did little, if any, pretrial preparation and that, at best, he neglected his client's interests in not at least contacting witnesses that he admitted were material.[1]

---

[1] "A lawyer shall attend promptly to matters undertaken for a client until completed" and "shall keep a client reasonably informed." DR 6-101, Code of Professional Responsibility.

The court specifically inquired about counsel's investigation. Other than counsel's cryptic response that in his opinion, "this is a trial; one on one. It comes down to reliability of the prosecuting witnesses," counsel offered no plausible explanation for his lack of adequate investigation.

Finally, the record also reveals counsel's nearly total failure to communicate with his client. While we sympathize with the trial court's concerns that Mills' failure to appear for trial originally and his repeated complaints about his attorney are evidence of Mills' efforts to stall the judicial process, it appears that counsel's failure to communicate was a genuine cause for Mills' protestations. Counsel did not deny that Mills repeatedly tried to contact him, and the record proved that Mills even went so far as to plead for assistance from the court in locating and compelling counsel to speak with him. Unfortunately, even the court was unsuccessful in putting Mills in contact with counsel.

In Ford v. Peyton, the Supreme Court found that the short time spent by counsel with the defendant, where the indictments were both serious and complex, warranted a finding that the defendant was denied effective assistance of counsel. 209 Va. 203, 205, 163 S.E.2d 314, 316 (1968). Here, as the trial court specifically pointed out to counsel, the charges "carry life,

---

A lawyer's "obligation to his client requires him to prepare adequately for and give appropriate attention to his legal work." EC 6-4.

plus three years."  The record indicates that counsel spoke with his client for approximately fifteen minutes during the five months prior to trial.

Finding that as a matter of law Mills' counsel was not prepared for trial, did not conduct an adequate investigation, and failed to reasonably communicate with his client, we hold that under the circumstances of this case that counsel should have been discharged from any further representation in the case, that Mills should have been allowed to retain new counsel, and that the case should have been continued until new counsel was retained and could adequately prepare for trial.

We note that we are not dealing with a claim of ineffective assistance of counsel made after trial, a claim which we cannot consider on direct appeal.  Rather, we are merely holding that the trial court erred in denying Mill's motion for a continuance when evidence proved counsel had not prepared for trial and had not adequately communicated with his client before trial.

Accordingly, we reverse and remand for a new trial.

<u>Reversed and remanded.</u>